IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 8 2000

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| JENNIFER VILLARREAL, | § | |
| COMPLAINANT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-00-052 |
| | § | JURY TRIAL REQUESTED |
| SAN PATRICIO COUNTY, TEXAS and | § | |
| PEDRO G. RODRIGUEZ | § | |
| DEFENDANTS | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.   State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

   **Answer:**   The Rule 26 meeting was held on 28 February 2000 between C. L. Wright, III and Christine Emerson Braugh.

2.   List the cases related to this one that are pending in any state or federal court, with the case number and court.

   **Answer:**   None.

3.   <u>Briefly</u> describe what this case is about.

   **Answer:**   Sexual harassment and retaliation claim against San Patricio County and Commissioner Pedro G. Rodriguez and Section 1983 and state tort claims against Commissioner Pedro G. Rodriguez. Defendants deny that Complainant was ever subjected to a hostile work environment, was harassed, or was retaliated against. Defendants at all times acted for

Joint Discovery/Case Management Plan
Page 1

9.

ClibPDF - www.fastio.com

legitimate, nondiscriminatory business reasons.  Defendants further deny

Complainant's allegations under 42 USC§1983 and state tort claims.

4.   Specify the allegation of federal jurisdiction.

Answer:      Jurisdiction is proper under 28 USC §1331 because complainant seeks relief

under 42 USC §2000(e) and 42 USC §1983.

5.   Name the parties who disagree and the reasons.

Answer:      None.

6.   List anticipated additional parties that should be included, when they will be

added, and by whom they are wanted.

Answer:      Complainant may include additional individual defendants if the

facts so warrant.

7.   State anticipated interventions.

Answer:      None.

8.   Describe class-action issues.

Answer:      None.

9.   State whether each party represents that is has made the initial disclosures required by

Rule 26(a).  If not, state why not, and describe the arrangements that have been made to

complete the disclosures.

Answer:      Complainant has submitted her initial disclosures.  Defendants will

serve their disclosures on 9 March 2000.

10.   Prepare and submit a written agreed discovery plan, including, without limitation:

Joint Discovery/Case Management Plan
Page 2

ClibPDF - www.fastio.com

A.      Responses to all the matters raised in Rule 26(f).

**Answer:**      All matters raised in Rule 26(f) are addressed herein.  The parties do not

anticipate changes to the limitations on discovery imposed under the

Federal Rules of Civil Procedure or the local rules.  The parties agree that

discovery should be limited to the allegations and defenses as raised in the

pleadings, and that depositions be limited to persons with knowledge of

relevant facts and, if necessary, to any experts whose opinions may be

presented at trial.  The parties will designate experts as required by the

Court's order.

B.      When and to whom the complainant intends to send written discovery.

**Answer:**      Complainant has submitted written discovery to the defendants on 28

February 2000.

C.      When and to whom the defendant intends to send written discovery.

**Answer:**      Defendants will submit written discovery to complainant before or within

sixty days of the initial scheduling conference.

D.      Of whom and when the complainant anticipates taking oral depositions.

**Answer:**      Complainant anticipates deposing Commissioner Pete Rodriguez, County

Judge Josephine Miller, County Attorney David Aken, Investigator Rick

Moore, Norma Gonzalez, other various fact witnesses, and the defendants'

expert witnesses and persons with knowledge of relevant facts.

Complainant anticipates beginning these depositions in March 2000.

Joint Discovery/Case Management Plan
Page 3

ClibPDF - www.fastio.com

E.      Of whom and when the defendants anticipate taking oral depositions.

Answer:      Defendants anticipate deposing the Complainant, and any witnesses she identifies as having knowledge of relevant facts and any witnesses she identifies as having knowledge of allegedly wrongful acts on the part of defendant.  Defendants reserve the right to depose any experts designated by Complainant.  Defendant anticipates beginning these depositions in March 2000.

F.      When the Complainant (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Answer:      Complainant will be able to designate experts and provide their reports in compliance with the Court's order.  Defendants will be able to designate experts and provide their reports in compliance with the Court's order.

G.      List expert depositions that complainant (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Answer:      Complainant does not anticipate taking any expert depositions at this time. If experts are designated, complainant will depose them.

H.      List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**Answer:**      Defendants anticipate taking the deposition of any expert designated by Complainant.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Answer:**      The parties agree to the Scheduling Order.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

**Answer:**      Complainant has served written discovery upon the defendants on 28 February 2000.

13.    State the date the planned discovery can reasonably be completed.

**Answer:**      The discovery will be completed in compliance with the Court's order.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26 meeting.

**Answer:**      This case will not settle promptly.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

**Answer:**      The parties agreed to schedule depositions in the near future to allow each party to have a grasp of the evidence and factual disputes.  With this information, all parties will be better able to evaluate liability and damage issues which will facilitate a prompt resolution of the issues in dispute.

16.    From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Joint Discovery/Case Management Plan
Page 5

**Answer:**    The matter may be resolved through mediation once the parties have had sufficient discovery to enable them to properly evaluate the case.

17.    Magistrate judges may hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

**Answer:**    All parties do not consent.

18.    State whether a jury demand has been made and if it was made on time.

**Answer:**    A timely jury demand has been made.

19.    Specify the number of hours it will take to present the evidence in this case.

**Answer:**    Thirty hours.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Answer:**    None.

21.    List other motions pending.

**Answer:**    None.

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

**Answer:**    None.

23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listed the date of filing for original and any amendments.

**Answer:**    Complainant filed her Certificate of Interested Parties on 15 February

Joint Discovery/Case Management Plan
Page 6

2000.   Defendants, San Patricio County and Commissioner Pedro G.

Rodriguez, filed their Certificate of Interested Parties on 25 February 2000.

24.    List the names, bar numbers, addresses and telephone numbers of all counsel.

**Answer:**    Attorney-in-charge for Complainant, Jennifer Villarreal:
C. L. Wright, III
State Bar No. 22025510
Federal Admission No. 9252
710 North Mesquite Street
Corpus Christi, Texas 78401
361/883-8737 - telephone
361/882-6316 - facsimile transfer

Attorney-in-charge for Defendants, San Patricio County and
Commissioner Pedro G. Rodriguez:
Christine Emerson Braugh
State Bar No. 00796511
Federal Admissions No. 21521
*Bracewell & Patterson, L.L.P.*
One Shoreline Plaza, Ste. 2000 South Tower
Corpus Christi, Texas 78401
361/882-6644 - telephone
361/882-6659 - facsimile transfer

Of Counsel:
M. Colleen McHugh
State Bar No. 00000071
Federal Admissions No. 00978
*Bracewell & Patterson, L.L.P.*
One Shoreline Plaza, Ste. 2000 South Tower
Corpus Christi, Texas 78401
361/882-6644 - telephone
361/882-6659 - facsimile transfer

Joint Discovery/Case Management Plan

ClibPDF - www.fastio.com

Respectfully submitted:

C. L. Wright, III
State Bar No. 22025510
Federal I.D. No. 9252
814 Leopard Street
Corpus Christi, Texas 78401
Tel. 361/883-8737, Fax. 361/882-6316

Christine Emerson Braugh
*BRACEWELL & PATTERSON, L.L.P.*
State Bar No. 00796511
Federal Admissions No. 21521
One Shoreline Plaza, Ste. 2000 South Tower
Corpus Christi, Texas 78401
361/882-6644 - telephone
361/882-6659 - facsimile transfer

ClibPDF - www.fastio.com