**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

APR 2 4 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JENNIFER VILLARREAL, | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. C-00-052 |
| | § | |
| SAN PATRICIO COUNTY, TEXAS | § | JURY TRIAL REQUESTED |
| and PETE RODRIGUEZ, | § | |
| individually and in his official capacity | § | |
| **Defendants** | § | |

**DEFENDANT SAN PATRICIO COUNTY AND**
**DEFENDANT PEDRO G. RODRIGUEZ'S**
**RESPONSE TO EMERGENCY MOTION TO**
**FIX DEADLINE FOR FILING APPEAL UNDER FRCP 72**

The Defendant San Patricio County and the Defendant Pedro G. Rodriguez (incorrectly referred to as Pete Rodriguez) files this response to Plaintiff's Emergency Motion to Fix Deadline for Filing Appeal under FRCP 72, and in support thereof would show the Court as follows:

**A.   Introduction**

1.      During a telephone hearing, Plaintiff sought the intervention by the Magistrate Judge B. Janice Ellington in a discovery dispute during the deposition of Rick Moore, San Patricio County Investigator.  At the conclusion of the oral hearing, the judge announced that this oral motion was denied in part and granted in part and found that a protective order was necessary to protect the disinterested nonparties to this lawsuit from the public disclosure of private facts.   Magistrate Judge Ellington orally ruled that Plaintiff is entitled to discover the identities of the alleged harasser and the complainant, persons involved in a sexual harassment investigation conducted by Rick Moore, Investigator for the County Attorney's Office.   Magistrate Judge Ellington further orally ruled that the information shall be

considered confidential and may not be revealed by counsel or the parties absent court order. The magistrate judge also requested that a written order be submitted to the court for entry.

2.　　Immediately following the judge's oral pronouncement, Defendants informed Plaintiff of their intent to appeal Magistrate Judge Ellington's decision.

3.　　Because it was unclear between counsel as to who intended to draft the written order to be submitted to the Court, and because Defendants never received a written order from Plaintiff denying in part and granting in part Defendants' Oral Motion for Protective Order, Defendants drafted the written order and submitted it to Plaintiff's counsel for review. *[See Exhibit A]*. On April 19, 2000, Plaintiff's and defense counsel jointly submitted a written order to the magistrate judge for entry. *[Id]*. No written order by the magistrate judge has been served on Defendants.

4.　　Defendants await a transcript of the April 11, 2000, telephone hearing and of Mr. Moore's deposition.

## B.　　Argument and Authorities

5.　　The language in Federal Rule of Civil Procedure 72(a), regarding nondispositive matters decided by the magistrate judge, reads :

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record *a written order* setting forth the disposition of the matter. Within ten days after being served with *a copy of the magistrate judge's order*, a party may serve and file objections to the order. . . ."

FED. R. CIV. P. 72(a)(emphasis added). The language in 28 U.S.C. § 636(b)(1) similarly reads: "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."

28 U.S.C. § 636(b)(1).  Neither the rule nor the statute permits the commencement of the ten-day time period to start with an "oral order," but rather states that the objections must be filed within ten days after the Court serves the parties with a copy of the magistrate judge's findings or recommendations.  Obviously, the Court could only serve the parties with this information with a written copy of the order.

6.      Plaintiff avers that any objections to the above oral rulings should be made within ten days of the oral pronouncement.  In support of her averment, she points to the 1983 Additional Advisory Committee Notes accompanying subdivision (a) of Rule 72, which states that an oral order read into the record by the magistrate will satisfy the requirement to for the magistrate's disposition.  This 1983 Committee Note was succeeded by the Committee Note to the 1991 Amendment of Rule 72.  In 1991, the Committee wrote,

> The rule as promulgated in 1983 required objections to the magistrate's handling of nondispositive matters to be served and filed within 10 days of entry of the order, but required objections to dispositive motions to be made within 10 days of being served with a copy of the recommended disposition.  Subdivision (a) is here amended to conform with subdivision (b) to avoid any confusion or technical defaults, particularly in connection with magistrate orders that rule on both dispositive and nondispositive matters.

FED. R. CIV. P. 72 advisory committee's note (1991).  *[See Exhibit B.]*

7.      Defendants contend that the most recent amendments in 1991 succeed the 1983 Advisory Committee Notes to which Plaintiff cites.  Thus, upon a careful reading of the amendment to Rule 72(a) and the accompanying 1991 Committee Note, the 1983 Advisory Committee Notes have no bearing on the instant dispute. As analyzed by one federal district court,

> [t]he 1991 Committee Note makes clear . . . that subdivision (a), which pertains to nondispositive magistrate orders, was amended to conform to the provisions found in subdivision (b), which provides that an objecting party must file its specific, written objections 'within 10 days after being served with a copy of the recommended

disposition.' Fed. R. Civ. P. 72(b).   Therefore, the 1991 Note is evidence that the Committee intended the 'ten day rule' be invoked once the losing party is served with a written copy of the oral ruling.

*Cooper v. Chicago Transit Authority*, No. 95-C-2616, 1996 WL 520855, at * 2-3 (N.D.Ill September 10, 1996).   Thus, it is clear that the Rule contemplates a written order as the trigger that begins the ten day period for appealing the magistrate judge's order.   *Santelli v. Electro-Motive*, No. 97-C-5702, 1999 WL 717824, at *1 (N.D. Ill August 17, 1999)(agreeing with analysis in *Cooper v. Chicago Transit Authority*).

8.   The written order regarding Defendant's Oral Motion for Protective Order was submitted to Magistrate Judge Ellington by both parties on April 19, 2000.   Because this order has not been entered by the magistrate judge, nor has a written copy been served on the parties, Defendants' time period for filing their appeal has not begun.

9.   Importantly, Defendants await a transcript of the April 11 telephone hearing and a transcript of Mr. Moore's deposition.   Defendants anticipate that both transcripts will be used to support Defendants' objections to the magistrate judge's order.

10.   Defendants take exception to Plaintiff's statement that "San Patricio County, Texas, is unnecessarily delaying the release of this information to obstruct discovery and prevent Plaintiff from fully developing her case" and advise the court that it was Defendants who drafted the written order denying in part and granting in part Defendant's Oral Motion for Protective Order and it was Defendants who filed this order with the magistrate judge for entry.   *See Exhibit A.*   Thus, Plaintiff's accusations regarding Defendants's alleged dilatory intentions are completely unfounded and contrary to the facts surrounding this issue.

11.    Defendants will address the merits of their appeal and the Plaintiff's factual representations

in Defendant San Patricio County, Texas and Defendant Pedro G. Rodriguez's Objections

to Magistrate Judge's Order.

## C.    Prayer

12.    Because the ten day time period for the filing objections to the magistrate judge's order

commences upon service of the court's written order to the parties, Defendants ask the court

to deny Plaintiff's Emergency Motion to Fix Deadline for Filing Appeal under FRCP 72 and

allow Defendants to proceed with their appeal pursuant to the Federal Rules of Civil

Procedure and 28 U.S.C. § 636(b)(1).


Date: April 24, 2000                    Respectfully submitted,


                                        Christine Emerson Braugh
                                        Attorney-In-Charge
                                        State Bar No. 00796511
                                        Federal I.D. No. 21521

OF COUNSEL:                             M. Colleen McHugh
                                        State Bar No. 00000071
                                        Federal I.D. No. 978
                                        Bracewell & Patterson, L.L.P.
                                        2000 One Shoreline Plaza-South Tower
                                        800 North Shoreline Boulevard
                                        Corpus Christi, Texas 78401-3700
                                        Telephone: (361) 882-6644
                                        Telecopier: (361) 882-6659

                                        ATTORNEYS FOR DEFENDANTS
                                        SAN PATRICIO COUNTY and
                                        PEDRO G. RODRIGUEZ

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant San Patricio County and Defendant Pedro G. Rodriguez's Response to Plaintiff's Emergency Motion to Fix Deadline for Filing Appeal under FRCP 72 has been forwarded by hand delivery to counsel for Plaintiff, on this the 24th day of April, 2000.

C.L. Wright III
710 North Mesquite
Corpus Christi, Texas 78401

Christine Emerson Braugh

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER VILLARREAL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. C-00-052** |
| | § | |
| **SAN PATRICIO COUNTY, TEXAS** | § | **JURY TRIAL REQUESTED** |
| **and PETE RODRIGUEZ,** | § | |
| **individually and in his official capacity** | § | |
| **Defendants** | § | |

## ORDER ON EMERGENCY MOTION TO
## FIX DEADLINE FOR FILING APPEAL UNDER FRCP 72

On this day, the Court considered Plaintiff's Emergency Motion to Fix Deadline for Filing

Appeal under FRCP 72. Based upon the evidence and arguments of counsel, the Court hereby

DENIES Plaintiff's Emergency Motion to Fix Deadline for Filing Appeal under FRCP 72 and

ORDERS that the deadline for filing an appeal from United States Magistrate Judge B. Janice

Ellington's April 11, 2000 oral ruling regarding certain discovery matters in this cause will be

calculated pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), which require

the submission of any objections to the order of the magistrate judge within ten days after the parties

are served with a copy of the written order.

SIGNED ON _____, 2000.

_____

Judge Presiding

APPROVED AND ENTRY REQUESTED:

Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 021521
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEY FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ



**ATTORNEYS AT LAW**

2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Phone:   361.882.6644
Toll Free:  888.829.6644

# Fax Cover Letter

Please deliver the following pages to __C.L. Wright, III__

Fax Number:  __882-6316__          Phone: 883-8737

This fax is from __Christine E. Braugh__

and is being transmitted on __April 19, 2000__ at ____.  The length of this fax, (including the cover letter), is __8__

__7__ pages.

The fax machine number is  361.882.6659.  If you do not receive all pages, please call 361.882.6644.

## Message

## Confidentiality Notice

This fax from the law firm of Bracewell & Patterson, L.L.P. contains information that is confidential or privileged, or both.  This information is intended only for the use of the individual or entity named on this fax cover letter.  Any disclosure, copying, distribution or use of this information by any person other than the intended recipient is prohibited. If you have received this fax in error, please notify us by telephone immediately at 361.882.6644 so that we can arrange for the retrieval of the transmitted documents at no cost to you.

Houston      Austin      Corpus Christi      Dallas      Fort Worth      San Antonio      Washington, D.C.      London      Almaty



2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Phone: 361.882.6644
Fax: 361.882.6659

April 19, 2000

Mr. C.L. Wright, III
Attorney at Law
710 North Mesquite Street
Corpus Christi, Texas 78401

Re:    *Jennifer Villarreal v. San Patricio County and Pete Rodriguez, individually and in his official capacity;* Civil Action No. C-00-052 in the United States District Court, Southern District of Texas, Corpus Christi Division

Dear Tres:

I enclose an order on Plaintiff's Emergency Motion for Protective Order.  Because I was unclear as to who agreed to draft the order on Defendants' Oral Motion for Protective Order, I drafted an order to reflect Judge Ellington's ruling on Defendants' Oral Motion for Protective Order, which is also enclosed.

In light of the fact that Defendants intend to appeal the Judge's ruling with respect to the order on Defendant's Oral Motion for Protective Order argued to the Court during Rick Moore's deposition, I think it would be less confusing to the judges to submit two separate orders - one on Plaintiff's Emergency Motion for Protective Order and one on Defendant's Oral Motion for Protective Order.

Please review these at your earliest convenience and return to me so that they may be filed with the court today.  Also, please contact me immediately if these orders do not reflect Judge Ellington's rulings on both motions for protective order.

LOTTM\9C2664\000110
CORPUS CHRISTI\514149.1

Houston    Austin    Corpus Christi    Dallas    Fort Worth    San Antonio    Washington, D.C.    London    Almaty



Mr. C.L. Wright, III
April 19, 2000
Page 2

Very truly yours,

Bracewell & Patterson, L.L P.

Christine Emerson Braugh

CEB/amg
Enclosure

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER VILLARREAL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. C-00-052** |
| | § | |
| **SAN PATRICIO COUNTY, TEXAS** | § | **JURY TRIAL REQUESTED** |
| **and PETE RODRIGUEZ,** | § | |
| **individually and in his official capacity** | § | |
| **Defendants** | § | |

## ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

On April 10, 2000, the Court considered Plaintiff's Emergency Motion for Protective Order. The Court examined the evidence presented in camera and based upon the evidence and arguments of counsel, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Emergency Protective Order and FINDS a protective order is necessary to protect Plaintiff Jennifer Villarreal from the public disclosure of private facts. The Court ORDERS that Defendants are entitled to continue the deposition of Plaintiff Jennifer Villarreal on April 10, 2000 with regard to Plaintiff's medical history between January 1, 1995 through the present. The Court FURTHER ORDERS that the portion of the deposition relating to Plaintiff's medical history examined by the Court in camera must be taken separately and the questions asked by defense counsel and Plaintiff's answers may not be revealed by counsel, the parties, or any person present at the deposition absent court order. The Court FURTHER ORDERS that Plaintiff shall execute the Medical Authorizations relating to Plaintiff's medical records from January 1, 1995 through the present.

SIGNED ON _____, 2000.

_____
Judge Presiding

APPROVED AS TO FORM AND SUBSTANCE AND ENTRY REQUESTED:

Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 021521
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659
ATTORNEY FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ


C.L. Wright III
Attorney-In-Charge
State Bar No. 22025510
Federal I.D. No. 9252
710 N. Mesquite Street
Corpus Christi, Texas 78401-3700
Telephone: (361) 883-8737
Telecopier: (361) 882-6316
ATTORNEY FOR PLAINTIFF
JENNIFER VILLARREAL

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER VILLARREAL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. C-00-052** |
| | § | |
| **SAN PATRICIO COUNTY, TEXAS** | § | **JURY TRIAL REQUESTED** |
| **and PETE RODRIGUEZ,** | § | |
| **individually and in his official capacity** | § | |
| **Defendants** | § | |

## ORDER ON DEFENDANTS' ORAL MOTION FOR PROTECTIVE ORDER

On April 11, 2000, the Court considered Defendants' Oral Motion for Protective Order to withhold the identity of persons not parties to this lawsuit. After a telephonic hearing and based upon the evidence and arguments of counsel, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Oral Motion for Protective Order and FINDS a protective order is necessary to protect the disinterested nonparties to this lawsuit from the public disclosure of private facts. The Court ORDERS that Plaintiff is entitled to discover the identities of the alleged harasser and the complainant, persons involved in a sexual harassment investigation conducted by Rick Moore, Investigator for the County Attorney's Office. The Court FURTHER ORDERS that this information shall be considered confidential and may not be revealed by counsel or the parties absent court order.

SIGNED ON _____, 2000.


_____
Judge Presiding

APPROVED AS TO FORM ONLY AND ENTRY REQUESTED:


Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 021521
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659
ATTORNEY FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ



C.L. Wright III
Attorney-In-Charge
State Bar No. 22025510
Federal I.D. No. 9252
710 N. Mesquite Street
Corpus Christi, Texas 78401-3700
Telephone: (361) 883-8737
Telecopier: (361) 882-6316
ATTORNEY FOR PLAINTIFF
JENNIFER VILLARREAL

Case 2:00-cv-00052   Document 24   Filed in TXSD on 04/24/2000   Page 16 of 32

```
********************************************************************************
*                                                                       P.01   *
*                          TRANSACTION REPORT                                   *
*                          _____                                  *
*                                                    APR-19-00 WED 12:01 PM     *
*                                                                               *
*    DATE  START    RECEIVER      TX TIME PAGES TYPE       NOTE            M#    *
*   _____    *
*    APR-19 11:58 AM 8826316        2'50"   7  SEND        OK                    *
*                                                                               *
********************************************************************************
```

*San ded Villarreal 3rd party*



**BRACEWELL & PATTERSON** L.L.P.
ATTORNEYS AT LAW

2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Phone:   361.882.6644
Toll Free:  888.829.6644

## Fax Cover Letter

Please deliver the following pages to   Tres Wright

Fax Number:   361.882.6316

This fax is from   Christine Emerson Braugh

and is being transmitted on   April 19, 2000   at   1:23 PM   .  The length of this fax, (including the cover letter),

is _____ pages.

The fax machine number is 361.882.6659.  If you do not receive all pages, please call 361.882.6644.

## Message

Tres,

I have attached a copy of the revised order on Plaintiff's Emergency Motion for Protective Order.  Please review and let me know if you have any other changes.  If you approve of this version of Plaintiff's Emergency Motion for Protective Order, please contact me with the authority to sign on your behalf.

Further, as per our discussion, I am authorized to sign the previously sent version of Defendant's Oral Motion for Protective Order on your behalf.  Please contact me immediately if this is inaccurate.

Thanks.

## Confidentiality Notice

This fax from the law firm of Bracewell & Patterson, L.L.P. contains information that is confidential or privileged, or both.  This information is intended only for the use of the individual or entity named on this fax cover letter.  Any disclosure, copying, distribution or use of this information by any person other than the intended recipient is prohibited. If you have received this fax in error, please notify us by telephone immediately at 361.882.6644 so that we can arrange for the retrieval of the transmitted documents at no cost to you.

Houston      Austin      Corpus Christi      Dallas      Fort Worth      San Antonio      Washington, D.C.      London      Almaty

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER VILLARREAL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. C-00-052** |
| | § | |
| **SAN PATRICIO COUNTY, TEXAS** | § | **JURY TRIAL REQUESTED** |
| **and PETE RODRIGUEZ,** | § | |
| **individually and in his official capacity** | § | |
| **Defendants** | § | |

## ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

On April 10, 2000, the Court considered Plaintiff's Emergency Motion for Protective Order.

The Court examined the evidence presented in camera and based upon the evidence and arguments

of counsel, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Emergency

Protective Order and FINDS a protective order is necessary to protect Plaintiff Jennifer Villarreal

from the public disclosure of private facts. The Court ORDERS that Defendants are entitled to

continue the deposition of Plaintiff Jennifer Villarreal on April 10, 2000 with regard to Plaintiff's

medical history between January 1, 1995 through the present. The Court FURTHER ORDERS that

the portion of the deposition relating to Plaintiff's medical history examined by the Court in camera

must be taken separately and the questions asked by defense counsel and Plaintiff's answers may not

be revealed by counsel, the parties, or any person present at the deposition absent court order.

SIGNED ON _____, 2000.

_____
Judge Presiding

APPROVED AS TO FORM AND SUBSTANCE AND ENTRY REQUESTED:

Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 021521
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659
ATTORNEY FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ

C.L. Wright III
Attorney-In-Charge
State Bar No. 22025510
Federal I.D. No. 9252
710 N. Mesquite Street
Corpus Christi, Texas 78401-3700
Telephone: (361) 883-8737
Telecopier: (361) 882-6316
ATTORNEY FOR PLAINTIFF
JENNIFER VILLARREAL

```
*****************************************************************************
*                                                                  P. 01   *
*                         TRANSACTION REPORT                                *
*                                                   APR-19-00 WED 01:40 PM  *
*                                                                           *
*    DATE  START    RECEIVER        TX TIME PAGES TYPE        NOTE      M#  *
*                                                                           *
*   APR-19 01:39 PM 8826316           1'21"   3  SEND         OK           *
*                                                                           *
*****************************************************************************
```

©InPDF - www.taylor.com



2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Phone: 361.882.6644
Fax: 361.882.6659

April 19, 2000

Ms. Grace Lerma, Deputy Clerk
606 N. Carancahua, Suite 1600
Corpus Christi, Texas 78476

> Re: *Jennifer Villarreal v. San Patricio County and Pete Rodriguez, individually and in his official capacity;* Civil Action No. C-00-052 in the United States District Court, Southern District of Texas, Corpus Christi Division

Dear Ms. Lerma:

I enclose an original and two copies of the following orders:

1.  Order on Defendants' Oral Motion for Protective Order; and

2.  Order on Plaintiff's Emergency Motion for Protective Order.

Please forward these orders to Judge Ellington for signature and entry.

Additionally I ask that you return a confirmed copy of each order to this office in the envelope provided for your convenience.

BRAUCE\9C2664\000110
CORPUS CHRISTI\514219.1

---



Ms. Grace Lerma
April 19, 2000
Page 2

Very truly yours,

Bracewell & Patterson, L.L.P.

Christine E. Braugh

CEB/amg
Enclosure

cc/encl.:    C.L. Wright, III
             710 N. Mesquite Street
             Corpus Christi, Texas 78401

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL,<br>          Plaintiff | § <br> § <br> § | |
| V. | § <br> § | CIVIL ACTION NO. C-00-052 |
| SAN PATRICIO COUNTY, TEXAS<br>and PETE RODRIGUEZ,<br>individually and in his official capacity<br>          Defendants | § <br> § <br> § <br> § | JURY TRIAL REQUESTED |

## ORDER ON DEFENDANTS' ORAL MOTION FOR PROTECTIVE ORDER

On April 11, 2000, the Court considered Defendants' Oral Motion for Protective Order to withhold the identity of persons not parties to this lawsuit. After a telephonic hearing and based upon the evidence and arguments of counsel, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Oral Motion for Protective Order and FINDS a protective order is necessary to protect the disinterested nonparties to this lawsuit from the public disclosure of private facts. The Court ORDERS that Plaintiff is entitled to discover the identities of the alleged harasser and the complainant, persons involved in a sexual harassment investigation conducted by Rick Moore, Investigator for the County Attorney's Office. The Court FURTHER ORDERS that this information shall be considered confidential and may not be revealed by counsel or the parties absent court order.

SIGNED ON _____, 2000.


_____
Judge Presiding

APPROVED AS TO FORM ONLY AND ENTRY REQUESTED:


Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 021521
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659
ATTORNEY FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ


C.L. Wright III
Attorney-In-Charge
State Bar No. 22025510
Federal I.D. No. 9252
710 N. Mesquite Street
Corpus Christi, Texas 78401-3700
Telephone: (361) 883-8737
Telecopier: (361) 882-6316
ATTORNEY FOR PLAINTIFF
JENNIFER VILLARREAL

-2-

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER VILLARREAL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. C-00-052** |
| | § | |
| **SAN PATRICIO COUNTY, TEXAS** | § | **JURY TRIAL REQUESTED** |
| **and PETE RODRIGUEZ,** | § | |
| **individually and in his official capacity** | § | |
| **Defendants** | § | |

## ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

On April 10, 2000, the Court considered Plaintiff's Emergency Motion for Protective Order.

The Court examined the evidence presented in camera and based upon the evidence and arguments

of counsel, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Emergency

Protective Order and FINDS a protective order is necessary to protect Plaintiff Jennifer Villarreal

from the public disclosure of private facts. The Court ORDERS that Defendants are entitled to

continue the deposition of Plaintiff Jennifer Villarreal on April 10, 2000 with regard to Plaintiff's

medical history between January 1, 1995 through the present. The Court FURTHER ORDERS that

the portion of the deposition relating to Plaintiff's medical history examined by the Court in camera

must be taken separately and the questions asked by defense counsel and Plaintiff's answers may not

be revealed by counsel, the parties, or any person present at the deposition absent court order.

SIGNED ON _____, 2000.


_____
Judge Presiding

APPROVED AS TO FORM AND SUBSTANCE AND ENTRY REQUESTED:


Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 021521
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659
ATTORNEY FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ


C.L. Wright III
Attorney-In-Charge
State Bar No. 22025510
Federal I.D. No. 9252
710 N. Mesquite Street
Corpus Christi, Texas 78401-3700
Telephone: (361) 883-8737
Telecopier: (361) 882-6316
ATTORNEY FOR PLAINTIFF
JENNIFER VILLARREAL

# FEDERAL PRACTICE

AND

# PROCEDURE®

---

WRIGHT – MILLER – KANE – MARCUS

1999

FEDERAL RULES OF CIVIL PROCEDURE

---

## APPENDICES

# FEDERAL PRACTICE

## AND

# PROCEDURE®

## CIVIL

_____

## APPENDICES

By

### CHARLES ALAN WRIGHT
Charles Alan Wright Chair in Federal Courts
The University of Texas

### ARTHUR R. MILLER
Bruce Bromley Professor of Law, Harvard University

### MARY KAY KANE
Dean, University of California
Hastings College of the Law

### RICHARD L. MARCUS
Distinguished Professor of Law, University of California
Hastings College of the Law

## Volume 12A

ST. PAUL, MN
**WEST GROUP**
**1999**

27

Second, the amended Rule requires the court, before appointment, to advise the parties of the identity and qualifications of each prospective commissioner and alternate. The court then may authorize the examination of prospective appointees by the parties and each party has the right to challenge for cause. The objective is to insure that unbiased and competent commissioners are appointed.

The amended Rule does not prescribe a qualification standard for appointment to a commission, although it is understood that only persons possessing background and ability to appraise real estate valuation testimony and to award fair and just compensation on the basis thereof would be appointed. In most situations the chairperson should be a lawyer and all members should have some background qualifying them to weigh proof of value in the real estate field and, when possible, in the particular real estate market embracing the land in question.

The amended Rule should give litigants greater confidence in the commission procedure by affording them certain rights to participate in the appointment of commission members that are roughly comparable to the practice with regard to jury selection. This is accomplished by giving the court permission to allow the parties to examine prospective commissioners and by recognizing the right of each party to object to the appointment of any person for cause.

### 1987 Amendment

The amendments are technical. No substantive change is intended.

### 1988 Amendment

The amendment is technical. No substantive change is intended.

### 1993 Amendments

The references to the subdivisions of Rule 4 are deleted in light of the revision of that rule.

## Rule 72. Magistrate Judges; Pretrial Orders

**(a) Nondispositive Matters.** A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10

days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

**(b) Dispositive Motions and Prisoner Petitions.** A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary. The magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

(Added Apr. 28, 1983, eff. Aug. 1, 1983, and amended Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 22, 1993, eff. Dec. 1, 1993.)

## ADVISORY COMMITTEE NOTES

### 1983 Addition

**Subdivision (a).** This subdivision addresses court-ordered referrals of nondispositive matters under 28 U.S.C. § 636(b)(1)(A). The rule calls for a written order of the magistrate's disposition to preserve the record and facilitate review. An oral order read into the record by the magistrate will satisfy this requirement.

No specific procedures or timetables for raising objections to the magistrate's rulings on nondispositive matters are set forth in the Magistrates Act. The rule fixes a 10-day period in order to avoid uncertainty and provide uniformity that will eliminate the confusion that might arise if different periods were prescribed by local rule in different districts. It also is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling.

The last sentence of subdivision (a) specifies that reconsideration of a magistrate's order, as provided for in the Magistrates Act, shall be by the district judge to whom the case is assigned. This rule does not restrict experimentation by the district courts under 28 U.S.C. § 636(b)(3) involving references of matters other than pretrial matters, such as appointment of counsel, taking of default judgments, and acceptance of jury verdicts when the judge is unavailable.

**Subdivision (b).** This subdivision governs court-ordered referrals of dispositive pretrial matters and prisoner petitions challenging conditions of confinement, pursuant to statutory authorization in 28 U.S.C. § 636(b)(1)(B). This rule does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28.

This rule implements the statutory procedures for making objections to the magistrate's proposed findings and recommendations. The 10-day period, as specified in the statute, is subject to Rule 6(e) which provides for an additional 3-day period when service is made by mail. Although no specific provision appears in the Magistrates Act, the rule specifies a 10-day period for a party to respond to objections to the magistrate's recommendation.

Implementing the statutory requirements, the rule requires the district judge to whom the case is assigned to make a de novo determination of those portions of the report, findings, or recommendations to which timely objection is made. The term "de novo" signifies that the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required. See *United States v. Raddatz,* 417 [447] U.S. 667 (1980). See also Silberman, *Masters and Magistrates Part II: The American Analogue,* 50 N.Y.U. L.Rev. 1297, 1367 (1975). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. See *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir.1974), cert. denied, 419 U.S. 879, quoted in House Report No. 94–1609, 94th Cong.2d

Sess. (1976) at 3. Compare *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980). Failure to make timely objection to the magistrate's report prior to its adoption by the district judge may constitute a waiver of appellate review of the district judge's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

### 1991 Amendment

This amendment is intended to eliminate a discrepancy in measuring the 10 days for serving and filing objections to a magistrate's action under subdivisions (a) and (b) of this Rule. The rule as promulgated in 1983 required objections to the magistrate's handling of nondispositive matters to be served and filed within 10 days of entry of the order, but required objections to dispositive motions to be made within 10 days of being served with a copy of the recommended disposition. Subdivision (a) is here amended to conform to subdivision (b) to avoid any confusion or technical defaults, particularly in connection with magistrate orders that rule on both dispositive and nondispositive matters.

The amendment is also intended to assure that objections to magistrate's orders that are not timely made shall not be considered. *Compare* Rule 51.

### 1993 Amendments

This revision is made to conform the rule to changes made by the Judicial Improvements Act of 1990.

## Rule 73. Magistrate Judges; Trial by Consent and Appeal

**(a) Powers; Procedure.** When specially designated to exercise such jurisdiction by local rule or order of the district court and when all parties consent thereto, a magistrate judge may exercise the authority provided by Title 28, U.S.C. § 636(c) and may conduct any or all proceedings, including a jury or nonjury trial, in a civil case. A record of the proceedings shall be made in accordance with the requirements of Title 28, U.S.C. § 636(c)(5).

**(b) Consent.** When a magistrate judge has been designated to exercise civil trial jurisdiction, the clerk shall give written notice to the parties of their opportunity to consent to the exercise by a magistrate judge of civil jurisdiction over the case, as authorized by Title 28, U.S.C. § 636(c). If, within the period specified by local rule, the parties agree to a magistrate judge's exercise of such authority, they shall execute and file a joint form of consent or separate forms of consent setting forth such election.