United States District Court
Southern District of Texas
FILED

MAY 0 1 2000

Michael N. Milby, Clerk

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL,<br>Plaintiff | § <br> § <br> § | |
| V. | § <br> § | CIVIL ACTION NO. C-00-052 |
| SAN PATRICIO COUNTY, TEXAS<br>and PETE RODRIGUEZ,<br>individually and in his official capacity<br>Defendants | § <br> § <br> § <br> § | JURY TRIAL REQUESTED |

### DEFENDANT SAN PATRICIO COUNTY AND
### DEFENDANT PEDRO G. RODRIGUEZ'S
### MOTION TO QUASH SUBPOENA DUCES TECUM AND
### FOR PROTECTIVE ORDER

Defendants San Patricio County and Commissioner Pedro G. Rodriguez move this Court to

quash Plaintiff's subpoena duces tecum under Federal Rule of Civil Procedure 45(c)(3)(A), and move

this Court for a protective order under Federal Rule of Civil Procedure 26(c), and in support thereof

would show the Court as follows:

1.      Plaintiff Jennifer Villarreal ("Villarreal") served a notice of intent to take the oral/video

deposition of San Patricio County Judge Josephine Miller by regular mail on April 17, 2000,

attaching a subpoena duces tecum to her notice.  A copy of the notice is attached to this motion as

Tab 1.  Judge Miller's deposition is scheduled for May 10, 2000.  This permitted Defendants less

than thirty days to respond, as required by Federal Rules of Civil Procedure 30(b)(5) and 34.

2.      Judge Miller is a "party" for purposes of her deposition because she is the principal

representative of San Patricio County.[1]  Plaintiff may only obtain documents from Judge Miller in

---

[1] *Monghon & Sisson v. Van Zandt County,* 3 Wilson 240 (Tex. Ct. App. 1886)(holding that the county judge, being the principle representative of the county, can, by contract, bind the county); *Bynum v. Davis,* 327 S.W.2d 673, 678 (Tex. Civ. App.--Houston 1959, no writ.)("The County Judge and Commissioners are the proper representatives of the county."); *see Weber v. Walker,* 591 S.W.2d 559, 563 (Tex. Civ. App.--Dallas 1979, no writ)(distinguishing appeal by county, as represented by county judge and commissioners,

connection with her deposition through Federal Rule of Civil Procedure 30(b)(5). Rule 30(b)(5) directs Plaintiff to follow the procedures in Federal Rule of Civil Procedure 34 to request documents from a party deponent, which allows the party in receipt of the document requests thirty days to respond.

3.      The subpoena duces tecum which Plaintiff served upon Defendants improperly attempts to circumvent the directives of Federal Rules of Civil Procedure 30(b)(5) and 34.

4.      Counsel for Defendants told Plaintiff's counsel on several occasions that Plaintiff had incorrectly requested the documents from Judge Miller, given the specific procedures for such discovery provided in Rule 34.

5.      Plaintiff's counsel refused to acknowledge the defect in procedure. Plaintiff's counsel contends that Judge Miller's deposition is that of a non-party governed by Federal Rules of Civil Procedure 30(b)(1) and 45, which requires a party to allow a reasonable time to respond to the request, presumably less than thirty days.[2] This position is untenable. The requested documents are undoubtedly addressed to Judge Miller in her capacity as the head and proper representative of San Patricio County, as the person who is able to obtain those documents from the various separate and distinct County branches. Plaintiff seeks:

> (1)     Billings or invoices for Pete Rodriguez's telephone charges, local and long distance, for his home phone, his business phone and his mobile phone for the period of March 1998 to July 2000.

---

from appeal by commissioners as private citizens); *Waller County v. McDade,* 25 Tex. Civ. App. 280, 60 S.W. 1003 (Tex. Civ. App. 1901)(recognizing where the county judge acted on behalf of the county).

[2] Anecdotally, if indeed Judge Miller were a non-party, as contended by Plaintiff, then Plaintiff's must compel her attendance under Federal Rule of Civil Procedure 45. *See* FED. R. CIV. P. 30(b)(1); *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1175 (D.C.Cir. 1985). Plaintiff did not cause the issuance of a subpoena for Judge Miller's attendance and for documents. It is not necessary to issue a subpoena to take the deposition of a party, only a notice is required. *Monks v. Marlinga,* 923 F.2d 423, 426 (6th Cir. 1991).

(2)    All investigatory files of San Patricio County, the San Patricio County Attorney's Office, the San Patricio County's Sheriff Department or the San Patricio District Attorney which involved any investigation of Pete Rodriguez or any employee of San Patricio County Precinct Three for the past five years.

(3)    All settlement documents for any case involving allegations of sexual harassment wherein any portion of the settlement monies was paid for by the funds of San Patricio County, Texas.  This request specifically includes the settlement documents for the health department case and for the McKenzie lawsuit.

(4)    Any training manuals or other educational materials utilized by San Patricio County, Texas for any sexual harassment training given to any elected official or employee for the past five years.

(5)    All agendas, minutes, notes, and other recording of any commissioner's court meeting where Jennifer Villarreal or her allegations against Pete Rodriguez were discussed.

*See* Tab 1, Exhibit "A."

6.    Defendants object to Plaintiff's document requests on many grounds.  Defendants ask the Court (a) to quash Plaintiff's document requests because the requests are untimely; and (b) for the issuance of a protective order as the requests are objectionable based on their untimeliness and on other grounds.

### Plaintiff's document request fails to comply with Rule 30(b)(5)

7.    Generally, a party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court.  FED. R. CIV. P. 30(a)(1).  The notice to a party deponent may be accompanied by a request for documents made in compliance with Rule 34  FED. R. CIV. P. 30(b)(5). "The procedure of Rule 34 shall apply to the request."  *Id.*[3]

8.    Rule 34 mandates the procedure a party must follow when requesting documents from parties in litigation.  Rule 34(b) specifically grants parties thirty (30) days within which to respond to a

---

[3] Rule 34(c) provides that a "person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." FED. R. CIV. P. 34(c).

CMXPDF - www.texisx.com

request for production of documents, unless a shorter time is directed by the court. FED. R. CIV. P. 34(b).

9.      Plaintiff's document request attached to Judge Miller's deposition notice fails to comply with Federal Rules of Civil Procedure 30(b)(5) and 34(b). Plaintiff's efforts to obtain the documents from San Patricio County via San Patricio County Judge Josephine Miller in less than thirty (30) days is an attempt to improperly circumvent the procedures outlined in Rule 34(b), and, more specifically, the thirty-day response period stated therein.

10.     The subpoena duces tecum attached to Judge Miller's deposition notice commands Judge Miller to produce at her deposition documents that are clearly within the custody, control and possession of one of the named Defendants, San Patricio County, and only within Judge Miller's custody, control, and possession because she is the County Judge.  Clearly, the subpoena duces tecum does not seek an order directing Judge Miller, individually, to produce documents; rather, Plaintiff seeks an order compelling Defendants, specifically Defendant San Patricio County, to produce documents at Judge Miller's deposition.[4] *See Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 624 (D. Mass. 1988).  Discovery of documents from a party is not accomplished pursuant to Rule 45(b), which governs discovery of documents in possession, custody and/or control of non-parties. *Id.* Discovery of documents from parties is governed by Rule 34. *Id.*

11.     A subpoena duces tecum under Rule 45 is not intended as a substitute for a motion to produce under Rule 34, where, as in this case, the subpoena requires production of documents under the control of a party, as distinguished from documents in the possession and control of an

---

[4] Thus, even assuming for purposes of this motion only that Judge Miller is "not a party to this action, Rule 34 still governs the discovery of documents in the possession or control of the parties themselves." *Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000); *Hasbro Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996).

independent witness. *Wirtz v. Local Union 169*, 37 F.R.D. 349, 351 (D. Nev. 1965). Thus, a party cannot secure documents from an opposing party by serving a deposition subpoena duces tecum on an employee, or in this case, an elected official, of the opposing party commanding production of the party's documents at the deposition unless the provisions of Rule 34 are followed. *Contardo*, 119 F.R.D. at 624.

12.     Since counsel for Plaintiff has not followed the procedures of Rule 34 in requesting the documents which it seeks to have the Court order Defendant San Patricio County via Judge Miller to produce, Plaintiff's attempt to circumvent the thirty-day requirement of Rule 34 by serving a subpoena duces tecum is without merit and frivolous, and thus, Plaintiff's subpoena duces tecum must be quashed for failing to give the reasonable amount of time to respond as stated in the Federal Rules of Civil Procedure.

## Defendants move for a protective order pursuant to Rule 26(c)

13.     Defendants move this Court for a protective order pursuant to Rule 26(c) based on Plaintiff's Notice of Intent to Take Oral/Video Deposition with Subpoena Duces Tecum of Josephine Miller because:

        a.      Plaintiff's document requests attached to the deposition notice of Judge Miller were untimely, as set forth above; and

        b.      Plaintiff seeks documents that exceed the scope of discoverable information and that attempt to annoy and harass the County and the other defendant to this lawsuit, Commissioner Defendant Pedro G. Rodriguez, with overly broad and unreasonable requests that are not reasonably calculated to lead to the discovery of admissible evidence.

14.    Generally, a party may obtain discovery regarding any matter that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking the discovery or to the claim of defense of another party, so long as it is reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P 26(b)(1) Defendants seek protections from Plaintiff's discovery. The Court has broad discretion to protect the movant with a protective order. FED. R. CIV. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S 20, 36 (1984) The Court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Parties may request a protective order to protect areas clearly beyond the scope of discovery. *Caldwell v. Life Ins. Co. of N. America*, 165 F.R.D. 633, 637 (D. Kan 1996). To determine whether good cause is shown, the Court often balances the party's burden of production and privacy interests against the other party's and public's right to obtain information. *Seattle Times*, 467 U.S. at 34-36; *Coleman v. American Red Cross*, 979 F.2d 1135, 1139 (6th Cir. 1992).

15.    Defendants object that Plaintiff's notice to Judge Miller contains document requests that exceed the scope of discoverable information. In particular, the objectionable documents sought by Plaintiff include (a) telephone invoices or billings for Commissioner Rodriguez's home, business and mobile telephone for the period of March 1998 to July 2000, a date two months into the future; (b) all investigatory files regarding Commissioner Pedro Rodriguez or any employee of Precinct Three (from several different branches of the County); and (c) all settlement documents for any case involving allegations of sexual harassment where any portion of the settlement was paid from the funds of San Patricio County, Texas, specifically including settlement documents from matters involving persons other than Commissioner Pedro Rodriguez. Clearly these requests are irrelevant

-6-

and not reasonably calculated to lead to the discovery of admissible evidence and good causes exists to grant this protective order.

16.     Defendant further objects to Plaintiff's requests seeking all of Commissioner Rodriguez's telephone records and all investigatory files regarding Commissioner Rodriguez and other San Patricio County employees because they are overly broad and not relevant to the subject matter involved in this case, nor are they reasonably calculated to lead to the discovery of admissible evidence. Rather, these requests are intended to annoy and harass the County and Commissioner Pedro Rodriguez by delving into the Commissioner's home and business phone records and into closed investigations that found no wrongdoing in an attempt to uncover inadmissible character evidence regarding Commissioner Rodriguez.[5]   It is apparent by the questions asked of Commissioner Rodriguez during his deposition that Plaintiff is attempting to scour Commissioner Rodriguez's telephone records to determine if any personal phone calls were made at the County's expense. Further, Plaintiff's deposition questions to Commissioner Rodriguez inquired into other instances where Commissioner Rodriguez had been investigated for matters other than sexual harassment where no wrongdoing was found. As made clear by Federal Rules of Evidence 404 and 608, evidence of other crimes, wrongs or acts is inadmissible because such evidence is irrelevant to prove the conduct in question. FED. R. EVID. 404 & 608; WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, §5239, p. 436. Furthermore, a party may not present extrinsic evidence of specific instances of conduct to impeach a witness on a collateral matter. *U.S. v. Andujar*, 49 F 3d 16, 26 (1st Cir. 1995). As stated earlier, the Court is given the authority to issue a protective order where the discovery requested seeks to annoy, embarrass or harass.   Because Plaintiff's requests for

---

[5] Defendants have produced documents regarding "other investigations" involving a possible harassment complaint regarding Commissioner Rodriguez.

Commissioner Rodriguez's business, home and mobile phone records and for any investigatory files on Commissioner Rodriguez and San Patricio County employees are for purposes of harassment and are an attempt to assassinate Commissioner Rodriguez's and other employees' character, which is inadmissible, good cause exists for this Court to issue the protective order. Further, Plaintiff cannot demonstrate the specific relevance of the information sought to her particular case.[6] Plaintiff alleges sexual harassment by Commissioner Rodriguez in her lawsuit. Defendant objects that the requested documents are not reasonably calculated to lead to evidence that would make it more or less likely that Commissioner Rodriguez sexually harassed Plaintiff. These documents simply have no relevance to Plaintiff's claims of sexual harassment against San Patricio County and Commissioner Pedro Rodriguez. Accordingly, there is no basis upon which Plaintiff can argue that the Commissioner's phone records or investigatory files on the Commissioner are discoverable.

17.    Defendants further object to Plaintiff's request for all investigatory files regarding Commissioner Pedro Rodriguez or any employee of San Patricio County for the past five years from (i) San Patricio County; (ii) the San Patricio County Attorney's Office; (iii) the San Patricio County Sheriff Department; or (iv) the San Patricio District Attorney as it seeks to invade the privacy interests of Commissioner Rodriguez. The investigations found no wrongdoing and are closed Commissioner Rodriguez testified in his deposition that these investigations related to matters other than sexual harassment and thus, Plaintiff's requests for these documents are not reasonably calculated to lead to the discovery of admissible evidence, but rather, to invade his privacy interests Plaintiff intends to harass and annoy Commissioner Rodriguez by discovery requests and the fact

---

[6] *See Carter v. U.S.*, 164 F.R.D. 131, 134 (D. Mass 1995)(finding Plaintiff's document request irrelevant and unduly burdensome where Plaintiff failed to demonstrate the specific relevance of information sought to his particular case).

that he has been investigated before on other matters. This Court should not permit Plaintiff's attempt to abuse the discovery process.

18.     Defendants further object to Plaintiff's request for all billings or invoices for Commissioner Pedro Rodriguez's home telephone charges to the extent it seeks to invade the privacy interests of Commissioner Rodriguez. Plaintiff has not alleged any facts in her Complaint or in her sworn deposition testimony that any of her claims stem from telephone calls from Commissioner Rodriguez's home. Thus, the Court should protect San Patricio County, Judge Miller and Commissioner Rodriguez from having to produce documents responsive to this overly broad and harassing request.

19.     Defendants further object to Plaintiff's request for the billings or invoices for Commissioner Pedro Rodriguez's telephone charges, local and long distance, for his home phone, his business phone and his mobile phone for the period of March 1998 to July 2000 because this request is not reasonably limited in scope, subject matter, or time. Specifically, it asks Judge Miller to obtain documents not in her possession, custody or control, i.e., Commissioner Rodriguez's home phone records. Further, Plaintiff's Complaint in this litigation is limited to her employment with San Patricio County. Thus, discovery should be limited to a reasonable time frame and Defendants object to providing information concerning events that occurred after Plaintiff's employment with San Patricio County, which ended on April 30, 1999.

20.     Plaintiff also seeks the discovery of any County settlement documents discussing any payment of San Patricio County funds. Defendants object that this request is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request seeks information relating to matters other than lawsuits involving Commissioner Pedro Rodriguez and specifically, Plaintiff seeks County settlement

documents for different, unrelated matters involving persons from other branches of County government. Plaintiff's Complaint in this litigation is limited to her allegations of sexual harassment by Commissioner Rodriguez and thus, discovery should be limited to those lawsuits involving allegations of sexual harassment by Commissioner Rodriguez, if any  Incidentally, there are none other than this lawsuit.

21.     Defendants also object to Plaintiff's document request wherein she seeks "any training manuals or other educational materials utilized by San Patricio County, Texas for any sexual harassment training given to any elected official or employee for the past five years," because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Specifically, it is not reasonably limited in time or relevant work unit. Plaintiff's Complaint in this litigation is limited to her employment with San Patricio County and her employment in Precinct Three.  Thus, discovery should be limited to a reasonable time frame, and Defendants object to providing information concerning events prior to and after Plaintiff's employment, which began on April 22, 1997 and terminated approximately two years later on April 30, 1999.

22.     Defendants also object to Plaintiff's document request wherein she seeks "all agendas, minutes, notes, and other recording of any commissioner's court meeting where [Plaintiff] or her allegations against Pete Rodriguez were discussed" to the extent it seeks information that is exempted from disclosure by state law. Specifically, any recordings, minutes, notes or agendas from executive sessions of the Commissioner's Court are not subject to disclosure pursuant to section 551 of the Texas Government Code.

23.     For these reasons, Defendants respectfully request that this Court enter a protective order quashing Plaintiff's "subpoena duces tecum" requests in their entirety because the document request

-10-

failed to give a reasonable amount of notice as required by Federal Rule of Civil Procedure 34.

Defendants further request that this Court enter a protective order prohibiting the discovery of (a)

Commissioner Pedro Rodriguez's telephone records, (b) any investigatory files that involved

Commissioner Pedro Rodriguez or other San Patricio County employees, (c) any settlement

documents for any case involving sexual harassment other than one involving allegations against

Commissioner Pedro Rodriguez, and (d) any documents or recordings from any executive sessions

of the Commissioner's Court. Defendants further request that this Court enter a protective order

limiting Plaintiff's discovery requests with regard to the training manuals or educational materials

involving sexual harassment to the time frame of Plaintiff's employment with the County.

Date: May 1, 2000                              Respectfully submitted,

                                               Christine Emerson Braugh
                                               Attorney-In-Charge
                                               State Bar No. 00796511
                                               Federal I.D. No. 21521

OF COUNSEL:                                    M. Colleen McHugh
                                               State Bar No. 00000071
                                               Federal I.D. No. 978
                                               Bracewell & Patterson, L.L.P.
                                               2000 One Shoreline Plaza-South Tower
                                               800 North Shoreline Boulevard
                                               Corpus Christi, Texas 78401-3700
                                               Telephone: (361) 882-6644
                                               Telecopier: (361) 882-6659

                                               ATTORNEYS FOR DEFENDANTS
                                               SAN PATRICIO COUNTY and
                                               PEDRO G. RODRIGUEZ

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 1, 2000, I conferred with Plaintiff's counsel, C.L. Wright III, attorney-in-charge for Plaintiff, and he opposes this Defendant San Patricio County and Defendant Pedro G. Rodriguez's Motion to Quash Subpoena Duces Tecum and for Protective Order.

Christine Emerson Braugh

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant San Patricio County and Defendant Pedro G. Rodriguez's Motion to Quash Subpoena Duces Tecum and Motion for and Protective Order has been forwarded by certified mail, return receipt requested to counsel for Plaintiff, on this the 1st day of May, 2000.

C.L. Wright III                                   Certified Mail, Return
710 North Mesquite                         Return Requested Z 227 979 349
Corpus Christi, Texas 78401

Christine Emerson Braugh

BRAUCE\9C2664\000110
CORPUS CHRISTI\515269.1

1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL, | § | |
| COMPLAINANT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-00-052 |
| | § | JURY TRIAL REQUESTED |
| SAN PATRICIO COUNTY, TEXAS and | § | |
| PETE RODRIGUEZ | § | |
| DEFENDANTS | § | |

## COMPLAINANT'S AMENDED NOTICE OF INTENT TO TAKE THE ORAL/VIDEO DEPOSITION WITH SUBPOENA DUCES TECUM OF JOSEPHINE MILLER

TO: Defendants, San Patricio County, Texas and Pete Rodriguez, by and through their attorney of record, Christine E. Braugh, Bracewell & Patterson, One Shoreline Plaza, Suite 2000, South Tower, Corpus Christi, Texas 78401

Please be advised, that on the 10th day of May, 2000 at 9:00 o'clock a.m. and continuing day to day thereafter until completed, Complainant's attorney intends to take the oral/video deposition of Josephine Miller at the offices of M. Colleen McHugh, Bracewell & Patterson, One Shoreline Plaza, Suite 2000, South Tower, Corpus Christi, Texas 78401, before a Court Reporter. You are invited to attend the deposition. The deposition may be videotaped.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit A attached to this notice and incorporated in it by reference for all purposes and permit Defendant to inspect and copy each of those documents.

Respectfully submitted,

C. L. Wright, III
State Bar No. 22025510
Federal I.D. No. 9252
710 North Mesquite Street
Corpus Christi, Texas 78401
Tel. 361/883-8737, Fax. 361/882-6316

## CERTIFICATE OF SERVICE

I, C. L. Wright, III, do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to opposing counsel via certified mail, return receipt requested, first class mail, hand delivery and/or fax on this the 17th day of April, 2000.

C. L. Wright, III

M. Colleen McHugh
*Bracewell & Patterson*
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401

# EXHIBIT "A"

1.    Billings or invoices for Pete Rodriguez's telephone charges, local and long distance, for his home phone, his business phone and his mobile for the period of March 1998 to July 2000.

2.    All investigatory files of San Patricio County, the San Patricio County Attorney's Office, the San Patricio County's Sheriff Department or the San Patricio District Attorney which involved any investigation of Pete Rodriguez or any employee of San Patricio County Precinct Three for the past five years.

3.    All settlement documents for any case involving allegations of sexual harassment wherein any portion of the settlement monies was paid for by the funds of San Patricio County, Texas. This request specifically includes the settlement documents for the health department case and for the McKenzie lawsuit.

4.    Any training manuals or other educational materials utilized by San Patricio County, Texas for any sexual harassment training given to any elected official or employee for the past five years.

5.    All agendas, minutes,, notes, and other recording of any commissioner's court meeting where Jennifer Villarreal or her allegations against Pete Rodriguez were discussed.

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER VILLARREAL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. C-00-052** |
| | § | |
| **SAN PATRICIO COUNTY, TEXAS** | § | **JURY TRIAL REQUESTED** |
| **and PETE RODRIGUEZ,** | § | |
| **individually and in his official capacity** | § | |
| **Defendants** | § | |

## ORDER

On this _____ day of _____,2000, it is hereby ordered that

the Plaintiff's Subpoena Duces Tecum of Josephine Miller attached to Plaintiff's Notice of Intent to

Take Oral/Video Deposition of Josephine Miller is QUASHED.


_____

Presiding Judge

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER VILLARREAL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. C-00-052** |
| | § | |
| **SAN PATRICIO COUNTY, TEXAS** | § | **JURY TRIAL REQUESTED** |
| **and PETE RODRIGUEZ,** | § | |
| **individually and in his official capacity** | § | |
| **Defendants** | § | |

## AMENDED ORDER

On this _____ day of _____, 2000, for good cause shown, the Court hereby ORDERS the following on Defendants' Motion for Protective Order and Objections to Plaintiff's Subpoena Duces Tecum of Josephine Miller attached to Plaintiff's Notice of Intent to Take Oral/Video Deposition of Josephine Miller:

1.  Defendants' objection to Plaintiff's following requests as being beyond the scope of permissible discovery are ruled upon as follows:

    (1)   Billings or invoices for Pete Rodriguez's telephone charges, local and long distance, for his home phone, his business phone and his mobile for the period of March 1998 to July 2000.

    _____   SUSTAINED

    _____   OVERRULED.

    (2)   All investigatory files of San Patricio County, the San Patricio County Attorney's Office, the San Patricio County's Sheriff Department or the San Patricio District Attorney which involved any investigation of Pete Rodriguez or any employee of San Patricio County Precinct Three for the past five years.

_____   SUSTAINED

_____   OVERRULED.

(3)   All settlement documents for any case involving allegations of sexual harassment wherein any portion of the settlement monies was paid for by the funds of San Patricio County, Texas.  This request specifically includes the settlement documents for the health department case and for the McKenzie lawsuit.

_____   SUSTAINED

_____   OVERRULED.

2.   Defendants' objection to Plaintiff's request for the following documents as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence are ruled upon as follows:

(1)   Billings or invoices for Pete Rodriguez's telephone charges, local and long distance, for his home phone, his business phone and his mobile for the period of March 1998 to July 2000.

_____   SUSTAINED

_____   OVERRULED.

(2)   All investigatory files of San Patricio County, the San Patricio County Attorney's Office, the San Patricio County's Sheriff Department or the San Patricio District Attorney which involved any investigation of Pete Rodriguez or any employee of San Patricio County Precinct Three for the past five years.

_____   SUSTAINED

_____   OVERRULED.

-2-

(3)     All settlement documents for any case involving allegations of sexual harassment wherein any portion of the settlement monies was paid for by the funds of San Patricio County, Texas.  This request specifically includes the settlement documents for the health department case and for the McKenzie lawsuit.

_____     SUSTAINED

_____     OVERRULED.

(4)     Any training manuals or other educational materials utilized by San Patricio County, Texas for any sexual harassment training given to any elected official or employee for the past five years.

_____     SUSTAINED

_____     OVERRULED.

3.     Defendants' objection to Plaintiff's requests for the following documents as being overly broad are ruled upon as follows:

(1)     Billings or invoices for Pete Rodriguez's telephone charges, local and long distance, for his home phone, his business phone and his mobile for the period of March 1998 to July 2000.

_____     SUSTAINED

_____     OVERRULED.

(2)     All investigatory files of San Patricio County, the San Patricio County Attorney's Office, the San Patricio County's Sheriff Department or the San Patricio District Attorney which involved any investigation of Pete Rodriguez or any employee of San Patricio County Precinct Three for the past five years.

_____     SUSTAINED

_____   OVERRULED.

(3)     All settlement documents for any case involving allegations of sexual harassment wherein any portion of the settlement monies was paid for by the funds of San Patricio County, Texas.  This request specifically includes the settlement documents for the health department case and for the McKenzie lawsuit.

_____   SUSTAINED

_____   OVERRULED.

(4)     Any training manuals or other educational materials utilized by San Patricio County, Texas for any sexual harassment training given to any elected official or employee for the past five years.

_____   SUSTAINED

_____   OVERRULED.

4.     Defendants' objection to Plaintiff's requests for the following documents as being an invasion of privacy interests are ruled upon as follows:

(1)     Billings or invoices for Pete Rodriguez's telephone charges, local and long distance, for his  home phone, his business phone and his mobile for the period of March 1998 to July 2000.

_____   SUSTAINED

_____   OVERRULED.

(2)     All investigatory files of San Patricio County, the San Patricio County Attorney's Office, the San Patricio County's Sheriff Department or the San Patricio District Attorney which involved any investigation of Pete Rodriguez or any employee of San Patricio County Precinct Three for the past five years.

_____   SUSTAINED

_____   OVERRULED.

5.    Defendants' objection to Plaintiff's requests for the following documents as being not reasonably limited in time are ruled upon as follows:

    (1)   Billings or invoices for Pete Rodriguez's telephone charges, local and long distance, for his home phone, his business phone and his mobile for the period of March 1998 to July 2000.

        _____   SUSTAINED

        _____   OVERRULED.

Defendant is ORDERED to produce _____

_____ documents for the following time

period:_____.

    (4)   Any training manuals or other educational materials utilized by San Patricio County, Texas for any sexual harassment training given to any elected official or employee for the past five years.

        _____   SUSTAINED

        _____   OVERRULED.

Defendant is ORDERED to produce _____

_____ documents for the following time

period:_____.

6.    Defendants' objection to Plaintiff's requests for the following documents as being not reasonably limited in scope are ruled upon as follows:

(1)   Billings or invoices for Pete Rodriguez's telephone charges, local and long distance, for his  home phone, his business phone and his mobile for the period of March 1998 to July 2000.

_____   SUSTAINED

_____   OVERRULED.

Defendant is ORDERED to produce the following documents:_____

_____.

7.   Defendants' objection to Plaintiff's requests for the following documents as being not reasonably limited to the relevant work unit are ruled upon as follows:

(4)   Any training manuals or other educational materials utilized by San Patricio County, Texas for any sexual harassment training given to any elected official or employee for the past five years.

_____   SUSTAINED

_____   OVERRULED.

Defendant is ORDERED to produce the following documents:_____

_____.

8.   Defendants' objection to Plaintiff's requests for the following documents as being not reasonably limited in subject matter are ruled upon as follows:

(1)   Billings or invoices for Pete Rodriguez's telephone charges, local and long distance, for his  home phone, his business phone and his mobile for the period of March 1998 to July 2000.

_____   SUSTAINED

_____   OVERRULED.

Defendant is ORDERED to produce the following documents:_____

_____.

9.      Defendants' objection to Plaintiff's requests for the following documents as being exempt

from disclosure under state law are ruled upon as follows:

(5)     All agendas, minutes, notes, and other recording of any commissioner's court

meeting where Jennifer Villarreal or her allegations against Pete Rodriguez were

discussed.

_____     SUSTAINED

_____     OVERRULED.

10.     Defendants' objection to Plaintiff's requests for the following documents as being not within

the possession, custody, or control of Judge Josephine Miller are ruled upon as follows:

(1)     Billings or invoices for Pete Rodriguez's telephone charges, local and long

distance, for his home phone for the period of March 1998 to July 2000.

_____     SUSTAINED

_____     OVERRULED.

Defendant is ORDERED to produce _____

_____ documents for the following time

period:_____.

To the extent that an objection is sustained, Defendants are not to produce the requested

documents. Defendants must produce documents as directed by this Order where so indicated.

_____
Presiding Judge