United States District Court
Southern District of Texas
FILED

MAY 0 5 2000

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL, | § | |
| COMPLAINANT | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-00-052 |
| | § | JURY TRIAL REQUESTED |
| SAN PATRICIO COUNTY, TEXAS and | § | |
| PETE RODRIGUEZ | § | |
| DEFENDANTS | § | |

### Jennifer Villarreal's Response to Defendants' Motion
### Quash Subpoena Duces Tecum and Request for Protective Order

NOW COMES Jennifer Villarreal and makes and files this her response to Defendants' Motion to Quash Subpoena Duces Tecum and Request for Protective Order, and in support thereof would show unto the Court as follows:

#### I.

#### Motion to Quash

Mrs. Villarreal does not concede that Judge Miller is entitled to 30 days to respond to the subpoena duces tecum. Judge Miller is not a party to this lawsuit. Judge Miller has not been sued in either her official or individual capacity. She is a fact witness in this case. A witness may be required to produce such documents in her possession, or over which she has custody or control. FRCP Rules 30 and 45. If Judge Miller has custody or control over these various documents, then she is required to produce them. FRCP Rule 45(a)(1)(C). If she does not have custody or control over these documents, then she has no obligation to produce them.

---

Jennifer Villarreal's Response to Defendants'
Motion Quash Subpoena Duces Tecum
and Request for Protective Order - Page 1

27.

Counsel for Mrs. Villarreal has been attempting to take Judge Miller's deposition since February of this year. It was agreed between the parties that Judge Miller would be deposed on 23 April 2000. One week prior to the deposition, Ms. McHugh requested that the deposition be moved because it fell upon Good Friday, even though this was a date which was selected by San Patricio County and its counsel. Mrs. Villarreal initially objected to moving the deposition and further delaying the discovery process, but after Ms. McHugh threatened to have the Court intervene, Mrs. Villarreal acquiesced to Ms. McHugh's demand to move the deposition. When the deposition was re-noticed, plaintiff's counsel included a subpoena duces tecum. Although Judge Miller is not a party, plaintiff offered to move the deposition of Judge Miller to 18 May 2000 to allow Judge Miller to have 30 days to make her response. That date being inconvenient for Ms. McHugh, so plaintiff's counsel offered any date during the week of 22 May 2000. As of the time of filing this document, so response has been forth coming. That would render as moot the objections that relate to the timing of the subpoena and the required response thereto.

## II.

### RESPONSE TO REQUEST FOR PROTECTIVE ORDER

Each and every document requested is relevant to this matter. Taken one request at a time, it is clear that the San Patricio County continues in its attempt to cover all of the wrong doing of Commissioner Pete Rodriguez.

A.     The phone records of Pete Rodriguez

After Mrs. Villarreal complained of Commissioner Rodriguez's sexual harassment, she was

Jennifer Villarreal's Response to Defendants'
Motion Quash Subpoena Duces Tecum
and Request for Protective Order - Page 2

informed that Commissioner Rodriguez had been spoken to about the situation, and had been told to leave her alone. The phone records should show the frequency with which Commissioner Rodriguez called the Odem office before the complaint, during the complaint process and after the complaint. Commissioner Rodriguez stated that on 24 February 2000 he made repeated phone calls to the Odem office, and all he got was the answering machine. His phone bills will reflect those phone calls if they were made. It is spurious and outrageous for San Patricio County to refuse to produce these documents.

B.      Investigatory files relating to Pete Rodriguez

Although character evidence is not admissible for the purpose of proving action in conformity therewith, in this matter the truthfulness of the persons involved in the sexual harassment allegations is clearly at issue. San Patricio County had an investigator from the County Attorney's office look into the matter. Mr. Rick Moore, the investigator, was instructed by the County to gather evidence relating to the allegations. In any investigation, the investigator must take into consideration the truthfulness of the persons involved. Mr. Moore testified that he expected Commissioner Rodriguez to deny the allegations, as would any individual who had been accused of sexual harassment. He further went on to state that sexual harassment does occur.

Q.      Did that – Commissioner Rodriguez – I mean, did you expect him to come in and admit to the things that Jennifer Villarreal alleged?

A.      No. No one ever admits to that.

Q.      No one ever admits to being a sexual harasser?

---

Jennifer Villarreal's Response to Defendants'
Motion Quash Subpoena Duces Tecum
and Request for Protective Order - Page 3

A.   I haven't run across one.

Q.   But you'll agree with me that people do commit sexual harassment?

A.   Sure.

Q.   And they'll lie about it if they get caught?

A.   Sure.

This information would lead to evidence of Pete Rodriguez's truthfulness, which should have been considered during the investigation. San Patricio County has stated by way of affirmative defense that it conducted a prompt thorough investigation of the allegations made by Jennifer Villarreal, and came up with inconclusive results. Plaintiff would submit that all this evidence, if not admissible, is very likely to lead to evidence that would be admissible. It directly goes to the state of mind of the investigator and decision maker in the case.

Additionally, San Patricio County repeatedly asserts that Mrs. Villarreal failed to take advantage of the sexual harassment policy which would have protected her in this situation. Mrs. Villarreal, given her position working for Commissioner Rodriguez, was very aware how he completely flaunted all the policies and procedures of San Patricio County, how he violated state law, and how he covered his tracks when he was caught. Mrs. Villarreal would assert that Commissioner Rodriguez was above the law, and this evidence will show ample reasons for her reticence in making her complaint, and that she did not act unreasonably in failing to complain until Commissioner Rodriguez physically assaulted her. *Faragher v. City of Boca Raton* 118 S. Ct. 2275 (1998), *Burlington Indus., Inc. v. Ellerth*, 118 S.Ct. 2257 (1998).

---

Jennifer Villarreal's Response to Defendants'
Motion Quash Subpoena Duces Tecum
and Request for Protective Order - Page 4

C.    Settlement documents for other sexual harassment law suits or claims

Rick Moore, the person investigated the most sexual harassment claims occurring in San Patricio County, testified that the frequency of the complaints occurring indicated to him that the sexual harassment policy that the County had in place was ineffective.

> Q.    I described for you four incidents that relate to sexual harassment [the Jennifer Villarreal complaint, the prior complaint against Commissioner Rodriguez by Nona Schmidt of the County Treasurer's office, the Health Department incident, and the McKenzie complaint that resulted in a $300,000.00 verdict in federal court].
>
> A.    Right
>
> Q.    And my question to you was: Given that these situations have happened, does that indicate to you that maybe the county is not doing enough to prevent harassment from occurring?
>
> Ms. Braugh:    I'll have to reassert my objections.
>
> Mr. Wright:    And she gets to –
>
> Ms. Braugh:    Legal conclusion, speculation, conjecture and assumes facts not in evidence.
>
> A.    And I answer?
>
> Q.    (By Mr. Wright) And you go ahead and answer.
>
> A.    I would say that's a possibility.

The fact that San Patricio County had an enormous monetary judgment entered against

---

Jennifer Villarreal's Response to Defendants'
Motion Quash Subpoena Duces Tecum
and Request for Protective Order - Page 5

it certainly is something that Mrs. Villarreal should be able to explore.  It is important to note that the expenditure of public monies is always subject to public scrutiny.

D.     Training manuals on sexual harassment

Mrs. Villarreal has asked to review training manuals and other educational materials for the past five years.   It is incredible that the County should plead the defense that it takes reasonable steps to prevent and remedy harassment, and then refuse to produce the exact sorts of documents that relate to its affirmative defense.   Five years is clearly a reasonable period of time.  The County's making of this objection is so spurious as to be sanctionable.

E.     Agendas, minutes, notes and other recordings of Commissioner's Court meetings

Counsel for the defendants has agreed to produce all documents or recordings (if any exist) that are not protected by the Open Meetings Act.  Mrs. Villarreal would contend that to the extent any privilege is asserted under the Tex. Govt. Code, the documents should be produced for in camera inspection.  If the Mrs. Villarreal's complaint was considered or discussed in some executive session of Commissioner's Court, she was never given the opportunity to ask that the meeting be open to the public. Tex. Gov. Code §551.074(b).  She would expressly waive any right to confidentiality which *she* could assert.  At the time of the complaint made by Mrs. Villarreal she had not retained an attorney, filed an EEOC charge, nor had she instituted legal proceedings. Unless San Patricio County can show some particular privilege, it should never have discussed this matter in executive session to begin with.

---

Jennifer Villarreal's Response to Defendants'
Motion Quash Subpoena Duces Tecum
and Request for Protective Order - Page 6

CutePDF - www.fastio.com

III.

Mrs. Villarreal would contend that the objections made, and the protective order sought, was made for the purposes of delay and that no legal grounds existed therefore.

WHEREFORE, PREMISES CONSIDERED, Mrs. Villarreal requests the Court set this matter for hearing immediately, and upon considering the motion, deny all the relief requested by San Patricio County and Commissioner Pete Rodriguez, that the deposition of Judge Miller should go forward on 10 May 2000, and that she be required to comply with the subpoena duces tecum.

Respectfully submitted:

C. L. Wright, III
State Bar No. 22025510
Federal I.D. No. 9252
814 Leopard Street
Corpus Christi, Texas 78401
Tel. 361/883-8737, Fax. 361/882-6316

Jennifer Villarreal's Response to Defendants'
Motion Quash Subpoena Duces Tecum
and Request for Protective Order - Page 7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel entitled to notice on this date by either facsimile transfer, first class mail, or other authorized manner of service.

Signed this the _____ day of May 2000.

_____
C. L. Wright, III

Via first class mail upon:

Mrs. Christine Emerson Braugh
Bracewell & Patterson, L.L.P.
800 N. Shoreline, Ste. 2000
Corpus Christi, Texas 78401

Jennifer Villarreal's Response to Defendants'
Motion Quash Subpoena Duces Tecum
and Request for Protective Order - Page 8

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL, | § | |
| COMPLAINANT | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-00-052 |
| | § | JURY TRIAL REQUESTED |
| SAN PATRICIO COUNTY, TEXAS and | § | |
| PEDRO G. RODRIGUEZ | § | |
| DEFENDANTS | § | |

ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER
AND MOTION TO QUASH

On this day came on for consideration the Defendants' Motion to Quash and for Protective Order. After considering the motion, Mrs. Villarreal's response thereto, the facts and applicable case law, the Court is of the opinion that the Motion to Quash and Request for Protective Order is not well taken and should be denied.

Signed this the _____ day of May, 2000.

_____
Judge Presiding