United States District Court
Southern District of Texas
FILED

MAY 0 5 2000

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL, | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. C-00-052 |
| | § | |
| SAN PATRICIO COUNTY, TEXAS | § | JURY TRIAL REQUESTED |
| and PETE RODRIGUEZ, | § | |
| individually and in his official capacity | § | |
| **Defendants** | § | |

## DEFENDANT SAN PATRICIO COUNTY AND
## DEFENDANT PEDRO G. RODRIGUEZ'S
## OBJECTION TO MAGISTRATE JUDGE'S ORDER PURSUANT TO RULE 72(a)

Defendants San Patricio County and Pedro G. Rodriguez (incorrectly referred to as Pete

Rodriguez) object to the order entered by Magistrate Judge B. Janice Ellington on April 21, 2000

and ask the court to reconsider the magistrate judge's ruling, as authorized by Federal Rule of Civil

Procedure 72(a).

### BACKGROUND FACTS

1.       This is an employment case.  Plaintiff Jennifer Villarreal asserts claims under Title VII for

alleged sexual harassment and retaliation against Defendant San Patricio County, Texas and Pedro

G. Rodriguez in his official capacity as San Patricio County Commissioner.  Plaintiff also makes

claims against Mr. Rodriguez individually under (a) 42 U.S.C. § 1983, asserting that his alleged

harassment violates Plaintiff's equal protection rights, and (b) state tort theories of assault and

defamation.  Defendants deny that Plaintiff was ever subjected to a hostile work environment, was

harassed, or was retaliated against.  Defendants at all times acted for legitimate, nondiscriminatory

business reasons.  Defendants further deny Plaintiff's allegations under 42 U.S C § 1983 and state tort claims.

2.       In this matter, this Court assigned all pretrial discovery matters to Magistrate Judge Ellington for review.[1]

3.       On April 11, 2000, during the oral deposition of Rick Moore, Investigator for the San Patricio County Attorney's Office, Plaintiff's counsel inquired into other sexual harassment investigations conducted by Mr. Moore. [*Moore Dep. at 28:17-31:15*][2]  Mr. Moore testified that, aside from the present case, he had conducted only one other sexual harassment investigation for San Patricio County.  The prior investigation did not involve Defendant Pedro G. Rodriguez. [*Moore Dep. at 28:17-25*]  Mr. Moore did not reveal the identity of the complainant in the prior investigation ("the complainant") at the instruction of counsel and pursuant to defense counsel's objection that this question invaded the privacy interests of nonparties. [*Moore Dep. at 29:1-9*]  Plaintiff's counsel stopped Mr. Moore's deposition and sought intervention from United States Magistrate Judge B. Janice Ellington via telephonic hearing. [*Moore Dep. at 29:7-13; 49:12-14*] While the parties waited for the court to schedule the telephonic hearing, Plaintiff's counsel proceeded with his questioning without seeking the identity of the complainant. [*Moore Dep. at 29:14-31:15*] Mr. Moore testified, and defense counsel later informed the magistrate judge, that the alleged harasser in the second investigation:

---

[1] *See* Docket Entry No. 3, Civil Action No. C-00-052, by the Honorable Hayden W. Head, Jr.

[2] Defendants' evidence supporting their objection is attached to this motion and incorporated herein as follows: Tab 1–the deposition of Rick Moore (cited as "Moore Dep."); Tab 2–transcript of April 11, 2000 discovery dispute conference call (cited as "Tr."); Tab 3– the order signed by Magistrate Judge Ellington on April 21, 2000; Tab 4–letter ruling from the State of Texas Attorney General's office to Defendant San Patricio County dated November 8, 1998, Tab 5- relevant pages from the San Patricio County Personnel Policies Manual.

- was not an elected official,

- did not hold the same rank within the County structure as Commissioner Pedro Rodriguez, and

- was employed in a different county-wide job in a different department of the County.

[*Moore Dep. at 31:2-12; Tr. at 3*]. Plaintiff's counsel further inquired into Mr. Moore's experience and what happened factually during this prior investigation. [*Moore Dep. at 31:18-35:25*] The parties' arguments were then presented to the magistrate judge during a telephonic hearing.[*See Tab 2*]

4.      In an order dated April 21, 2000, Magistrate Judge Ellington denied in part and granted in part Defendant's Oral Motion for Protective Order and determined that a protective order was necessary to protect the disinterested nonparties to this lawsuit from public disclosure of private facts. [*See Tab 3*] Magistrate Judge Ellington ordered disclosure of the identities of the alleged harasser and the complainant. [*Id.*] Magistrate Judge Ellington further ordered that this information shall be considered confidential and may not be revealed by counsel or the parties absent court order. [*Id.*]

5.      Defendants San Patricio County, Texas and Pedro G. Rodriguez file this objection to the magistrate judge's ruling on Defendants' Oral Motion for Protective Order, held by telephonic hearing on April 11, 2000, to the extent it entitles Plaintiff to discover the identity of the complainant in a different, unrelated sexual harassment investigation conducted by Rick Moore because requiring disclosure contravenes the privacy interests of third party harassment complainants, as recognized by established case law.[3]

---

[3] Defendants do not object to the magistrate judge's ruling with respect to the identity of the alleged harasser, as Plaintiff's counsel has stated on numerous occasions that he is aware of this person's identity.  Notably, whether

## ARGUMENT AND AUTHORITIES

6.      Within ten days after being served with a copy of the magistrate judge's order, a party may

serve and file objections to the order.  FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1).  The written

order regarding Defendant's Oral Motion for Protective Order was submitted to Magistrate Judge

Ellington by both parties on April 19, 2000.  This order was entered by the magistrate judge on April

21, 2000 and was received by counsel for Defendants by regular mail on April 24, 2000.  Therefore,

this objection is timely.

7.      If a party timely objects to the magistrate judge's findings on a nondispositive matter, the

district court must review the magistrate judge's findings and shall modify or set aside any portion

of the magistrate judge's order found to be clearly erroneous or contrary to law.  FED. R. CIV P.

72(a); 28 U.S.C. §636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).  Magistrate

Judge Ellington's ruling, which requires the disclosure of the identity of the complainant in an

unrelated sexual harassment investigation, is clearly erroneous and contrary to case law recognizing

the common-law privacy rights of nonparties and complainants in sexual harassment investigations

**The Magistrate Judge's order requiring disclosure is clearly erroneous**
**and contrary to law recognizing the common-law privacy interests**
**of a third party harassment complainant.**

8.      Generally, common-law privacy rights protect information when (1) the information contains

highly intimate or embarrassing facts the publication of which would be highly objectionable to a

reasonable person, and (2) the information is not of legitimate concern to the public.  *Industrial*

*Found. v. Texas Indus. Accident Bd.,* 540 S.W.2d 668, 685 (Tex. 1976), *cert. denied,* 430 U.S. 931

---

Defendants should disclose any other information related to this investigation is not before the Court and Defendants
have objected to Plaintiff's written discovery requests for that information.  The only issue before the Court is whether
Defendants must disclose the identity of the complainant in the prior investigation.

(1977); *Morales v. Ellen*, 840 S.W.2d 519, 524 (Tex. App.--El Paso 1992, writ denied). When the information requested meets the first test of containing highly intimate or embarrassing facts that would be highly objectionable to a reasonable person, it is presumed that the information is not of legitimate public concern unless the requestor can show that under the particular circumstances of the case, the public has a legitimate interest in the information notwithstanding its private nature *Ellen,* 840 S.W.2d at 524 (citing *Industrial Found.*, 540 S.W.2d at 682, 685)   Where both an interest in public disclosure and privacy rights are at stake, the Court should consider whose privacy interests might be infringed, how they would be infringed, what information might infringe them and what portion of the evidence consists of the information.   *Cf. American Civil Liberties Union v. Mississippi*, 911 F.2d 1066, 1072 (5th Cir. 1990)(discussing *In re Application of Newsday, Inc.*, 895 F.2d 74 (2nd Cir.), *cert. denied*, 496 U.S. 931, 110 S.Ct. 2631 (1990)). In *Newsday*, the circuit court explained,

> The privacy interests of innocent third parties . . . that may be harmed by disclosure of the [information] should weigh heavily in a court's balancing equation . . . . The job of protecting such interests rests heavily with the trial judge, since all the parties who may be harmed by disclosure are typically not before the court.

*Newsday*, 895 F.2d at 79-80. In this matter, the magistrate judge failed to recognize that Plaintiff's interests in discovery are limited by the privacy rights of the persons whose intimate information may thereby be disclosed. *See Newsday*, 895 F.2d at 79.

9.      In the context of Texas Open Records Act requests, the Texas Attorney General's Office has determined that political subdivisions may not disclose the identity of a sexual harassment

complainant. *See Morales v. Ellen,* 840 S.W.2d 519, 524-25 (Tex. App.--El Paso 1992, writ denied).[4]

The Open Records Act contains a privacy exception to the disclosure of information by a governmental entity. *See* TEX. LAB. CODE § 552.101. Section 552.101 of the Texas Government Code protects "information considered to be confidential by law, either constitutional, statutory, *or by judicial decision*," including the common-law right to privacy.[5] TEX. LAB CODE § 552.101 (emphasis added). Because the Open Records Act and related cases rely on general tort analysis to determine whether an invasion of privacy exists, these cases are instructive.[6] *See Ellen,* 840 S.W.2d at 524.

10.     In *Morales v. Ellen,* 840 S.W.2d 519, 524-25 (Tex. App.--El Paso 1992, writ denied), the court addressed the applicability of the common-law privacy doctrine to investigation files containing allegations of sexual harassment against a public official. The investigation files sought by a private citizen in *Ellen* contained individual witness statements, an affidavit by the individual accused of the misconduct responding to the allegations, and a summary of the board of inquiry that conducted the investigation. *Id.* The appellate court concluded that the trial court properly ordered the release of the affidavit of the public official under investigation (the alleged harasser) and the summary of the investigation, based upon their findings that (1) the public possessed a legitimate

---

[4] *See, e.g.,* Op. Tex. Att'y Gen. No. OR94-215 (1994); Op. Tex. Att'y Gen. No. OR94-188 (1994); Op. Tex. Att'y Gen. No. OR94-106 (1994); Op. Tex. Att'y Gen. No. OR94-038 (1994).

[5] Section 552.352 of the Texas Government Code provides that a person who discloses information considered confidential under the Open Records Act commits a criminal offense that also constitutes official misconduct.

[6] While Defendants recognize that an exemption from disclosure under the Texas Open Records Act is not binding upon this Court with regard to the parameters of federal discovery, Defendants argue that it is instructive to the extent that the Open Records Act relies on the same common-law privacy interest recognized under a general tort analysis.

interest in the full disclosure of these documents involving a public official[7] and (2) the public official had waived his privacy interests by publishing a letter explaining his actions. *Id.* The *Ellen* court then held, however, that "the public did not possess a legitimate interest in the identities of the individual witnesses, nor the details of their personal statements beyond what is contained in the documents that have been ordered released," and thus, this information was not to be disclosed. *Id.*

11.     Similarly, *Wallance v. Treadwell*, 165 F.R.D. 43 (E.D. Pa. 1995) involved a discovery dispute where the plaintiff sought the disclosure of documents relating to other complaints of sexual harassment by the accused university official and other university personnel. *Id.* at 44. In *Wallace*, the plaintiff argued that her ability to establish the university's alleged pattern or practice of indifference to sexual harassment would be hampered without the disclosure of the information she sought. *Id.* at 47. The defendant responded that the plaintiff's request sought information that was confidential and irrelevant to the plaintiff's case, and that the plaintiff had already obtained a considerable amount of information regarding her inquiry. *Id.* The Court denied the plaintiff's motion seeking production, finding that the identities of the complainants should be kept confidential. *Id.* The Court further held that while the plaintiff was entitled to information relating to complaints <u>against the defendant</u>,[8] the plaintiff "has failed to show that she is entitled to identities or documents underlying other complaints of sexual harassment in view of the importance of confidentiality in effectively addressing sexual harassment complaints in the University community and the extent of the summaries of the files already produced by University Defendants " *Id.*

---

[7] Anecdotally, the alleged harasser in the prior investigation by Rick Moore was not a public official, but rather, was a county employee in a supervisory position.

[8] Defendants recognize that in balancing Plaintiff's interests in discovery with privacy interests that Plaintiff is entitled to discover the identity of any complainants who have made allegations <u>against Defendant Rodriguez</u> and accordingly, Defendants have produced documents regarding "other investigations" involving a complaint regarding Defendant Rodriguez.

-7-

Because of the confidential nature of the allegations made by the complainant known to San Patricio County,[9] Defendants contend that the magistrate judge's order compelling Defendants to disclose the identity of the complainant is clearly erroneous and contrary to case law.

12.     In further support of their objection, Defendants rely on a letter ruling from the State of Texas Attorney General's Office to Defendant San Patricio County on this precise issue in regards to this same complainant dated November 8, 1998. [*See Tab 4*] Although not binding on the Court, this opinion is instructive to the extent that the Attorney General relies on the same common-law privacy interest recognized by the courts in *Industrial Foundation* and *Ellen*. The Attorney General concluded that the alleged harasser's statement and a report of the investigation into allegations of sexual harassment that serves as an adequate summary of the investigation must be released. The opinion further directed San Patricio County to redact the identities of the complainant and witnesses, and to withhold from disclosure their detailed statements pursuant to common-law privacy and the appellate court decision in *Ellen*.

13.     Additionally, disclosure of information should be refused where it constitutes "an unwarranted invasion of the right of privacy constitut[ing] a legal injury for which a remedy will be granted." *Ellen,* 840 S.W.2d at 524; *Industrial Found.*, 540 S.W.2d at 682. The magistrate judge's ruling regarding this discovery dispute would require Defendants to reveal the identity of a woman who made her confidential complaint regarding allegedly highly embarrassing, offensive and unprofessional conduct in the workplace. This woman complained pursuant to a confidential investigation by the County[10], and notably, her complaints were resolved by the County and did not

---

[9] The sexual harassment policy found in the San Patricio County Personnel Policies Manual provides that the County will conduct a "*confidential* investigation." *[See Tab 5]*

[10] *See supra* note 9.

result in a charge of discrimination or a lawsuit. For these reasons, the identity of this complainant is exactly the sort of information that is protected under common-law privacy.

### Disclosure of the complainant's identity violates public policy.

14.     Defendants anticipate that Plaintiff will argue, as she did in the hearing before the magistrate judge, that she seeks the complainant's identity so that Plaintiff can interview her regarding her experience with the County's investigation. [*Tr. at 4:5-7, 10-21* ] Ironically, Plaintiff's stated reason for seeking this information is exactly why this information should be withheld. The complainant is not a party to this lawsuit and has not, by her actions, subjected herself to involuntary participation in this case. Defendants contacted the complainant and she strongly implored Defendants to protect her privacy regarding her complaint of sexual harassment and stated her intent to remain anonymous.[11] Sexual harassment investigations, by their nature, involve embarrassing and intimate details, and thus, must be conducted so as to promote full disclosure of improper conduct without an ever-present threat to the complainant that she will be forced to relive her harassment complaints by means of civil discovery in the future. *Cf. Ellen*, 840 S.W.2d at 523. In addition to the chilling effect on the reporting of complaints involving sexual harassment, the disclosure of the complainant's identity would result in a clearly defined and very serious injury to her privacy interests.

15.     For all of the reasons stated above, the identity of the complainant must be withheld and shielded from discovery by Plaintiff.

---

[11] *See Wheeles v. Human Resource Systems, Inc.*, 179 F.R.D. 635, 638-39 (S.D. Ala. 1998);*see also Stalnaker v. Kmart Corp.*, N. 95-2444-GTV, 1996 U.S. Dist. LEXIS 10013 at *10, 1996 WL 397563 (D. Kan. July 11, 1996)(barring discovery regarding nonparty witnesses to the extent they had no relationship to the allegations against defendant).

## **PRAYER**

16.     Because the magistrate judge's finding with regard to the identity of the complainant is
clearly erroneous given the common-law privacy interest of the complainant and the information
already discovered by Plaintiff during Mr. Moore's depositon, Defendants ask the court to sustain
Defendants' objection, reverse the finding of the magistrate judge and enter an order prohibiting the
discovery of the identity of the complainant involved in the second sexual harassment investigation
conducted by Rick Moore, Investigator for the County Attorney's Office.


Date: May 5, 2000                                                   Respectfully submitted,


                                                                    Christine Emerson Braugh
                                                                    Attorney-In-Charge
                                                                    State Bar No. 00796511
                                                                    Federal I.D. No. 21521

OF COUNSEL:                                                         M. Colleen McHugh
                                                                    State Bar No. 00000071
                                                                    Federal I.D. No. 978
                                                                    Bracewell & Patterson, L.L.P.
                                                                    2000 One Shoreline Plaza-South Tower
                                                                    800 North Shoreline Boulevard
                                                                    Corpus Christi, Texas 78401-3700
                                                                    Telephone: (361) 882-6644
                                                                    Telecopier: (361) 882-6659

                                                                    ATTORNEY FOR DEFENDANTS
                                                                    SAN PATRICIO COUNTY and
                                                                    PEDRO G. RODRIGUEZ

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Plaintiff's counsel, C.L. Wright III, attorney-in-charge for Plaintiff, and he opposes Defendant San Patricio County and Defendant Pedro G. Rodriguez's Objection to Magistrate Judge's Order Pursuant to Rule 72(a).

Christine Emerson Braugh

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Defendant San Patricio County and Defendant Pedro G. Rodriguez's Objection to Magistrate Judge's Order Pursuant to Rule 72(a)** has been forwarded by U. S. Certified Mail, Return Receipt Requested, to counsel for Plaintiff, on this the 5th day of May, 2000.

C.L. Wright III
710 North Mesquite
Corpus Christi, Texas 78401

Christine Emerson Braugh

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER VILLARREAL,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. C-00-052** |
| | § | |
| **SAN PATRICIO COUNTY, TEXAS** | § | **JURY TRIAL REQUESTED** |
| **and PETE RODRIGUEZ,** | § | |
| **individually and in his official capacity** | § | |
| **Defendants** | § | |

## ORDER ON DEFENDANT SAN PATRICIO COUNTY AND DEFENDANT PEDRO G. RODRIGUEZ'S OBJECTION TO MAGISTRATE JUDGE'S ORDER PURSUANT TO RULE 72(a)

On this day, the Court considered Defendants San Patricio County and Pedro G. Rodriguez's Objection to Magistrate Judge's Order Pursuant to Rule 72(a) to withhold the identity of the complainant in a different, unrelated sexual harassment investigation conducted by Rick Moore, who is not a party to this lawsuit. Based upon the evidence and arguments of counsel, the Court hereby SUSTAINS Defendants San Patricio County, Texas and Pedro G. Rodriguez's Objection to Magistrate Judge's Order and FINDS that the identity of the complainant in the prior sexual harassment investigation should be protected from discovery to prevent the public disclosure of private facts.

SIGNED ON _____, 2000.

_____
Judge Presiding

# EXHIBITS
# NOT
# IMAGED