IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAY 22 2000

Michael N. Milby, Clerk

| | |
|---|---|
| JENNIFER VILLARREAL, § | |
|    Plaintiff § | |
| § | |
| V. § | CIVIL ACTION NO. C-00-052 |
| § | |
| SAN PATRICIO COUNTY, TEXAS § | JURY TRIAL REQUESTED |
| and PETE RODRIGUEZ, § | |
| individually and in his official capacity § | |
|    Defendants § | |

### DEFENDANT SAN PATRICIO COUNTY AND DEFENDANT PEDRO G. RODRIGUEZ AMENDED MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM

Defendants San Patricio County and Commissioner Pedro G. Rodriguez file this Amended Motion for Protective Order and Objections to Plaintiff's Subpoena Duces Tecum under Federal Rules of Civil Procedure 26(c) and 34(b), and in support thereof would show the Court as follows:

1. In the "subpoena duces tecum" attached to the notice of intent to take the oral/video deposition of San Patricio County Judge Josephine Miller, Plaintiff Jennifer Villarreal seeks, among other things, "All agendas, minutes, notes, and other recording of any commissioner's court meeting where Jennifer Villarreal or her allegations against Pete Rodriguez were discussed." *See Defendant San Patricio County and Defendant Pedro G. Rodriguez's Motion to Quash and For Protective Order at Tab 1, Exhibit "A."*

2. In an order dated May 11, 2000, this Court granted in part Defendants' motion for protective order as to plaintiff's request for all agendas, minutes, notes, and other recordings of any commissioner's court meeting where Jennifer Villarreal or her allegations against Pete Rodriguez were discussed. The Court ordered Defendants to produce, *ex parte* and under seal, for inspection *in camera*, all such records. In response to Plaintiff's request and the Court's order, San Patricio

36

County Judge Josephine Miller searched the county archives and located the tapes that are to be filed *ex parte* and under seal with this Court for *in camera* review. Defendants are continuing to search for additional responsive records and will supplement if any additional records are found.[1]

3. Defendants ask the Court for the issuance of a protective order because the request seeking records of executive sessions of commissioner's court meetings is objectionable on several grounds.

## Objections

4. Defendants reassert their objection to Plaintiff's request wherein she seeks "all agendas, minutes, notes, and other recording of any commissioner's court meeting where [Plaintiff] or her allegations against Pete Rodriguez were discussed" to the extent it seeks information that is exempted from disclosure by state law. Specifically, any recordings, minutes, notes or agendas from executive sessions of the Commissioner's Court are not subject to disclosure pursuant to section 551.104 of the Texas Government Code.[2] Section 551.104 states that:

> The certified agenda or tape of a closed meeting is available for public inspection and copying only under a court order issued under Subsection (b)(3).

TEX. GOV'T CODE § 551.014(c). Subsection (b)(3) of section 551.104 refers to the disclosure of the certified agenda or tape of any part of a meeting that was required to be open for purposes of "litigation in a district court involving an alleged violation of this chapter," which is Chapter 551, Open Meetings. TEX. GOV'T CODE § 551.014(b)(3). Thus, the State of Texas legislature's intent to

---

[1] Specifically, the county is unable to locate one tape recording of an executive session where it is believed that Jennifer Villarreal or her allegations against Pete Rodriguez were discussed. Regardless, San Patricio County Attorney David Aken specifically recollects that his attendance at this executive session was for the purposes of obtaining legal advice regarding the situation surrounding Ms. Villarreal and thus, this particular executive session is also protected from disclosure by the attorney-client privilege and the attorney work product doctrine. A copy of the relevant agenda and minutes from said meeting is attached to this motion as Tab 1.

[2] A copy of the relevant statute is attached to this motion as Tab 2.

-2-

shield disclosure of executive session agendas or recordings is given one exception: disclosure in litigation involving a violation of the Open Meetings Act. Plaintiff's allegations in this cause do not include an Open Meetings Act violation, but rather, involve claims under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1983, and state tort claims for defamation and assault. Because Plaintiff is seeking discovery of these executive session tapes for purposes other than an alleged violation of the Open Meetings Act, Defendants contend that discovery of these executive session tapes should be denied.

5. Defendants further object to Plaintiff's request wherein she seeks "all agendas, minutes, notes, and other recording of any commissioner's court meeting where [Plaintiff] or her allegations against Pete Rodriguez were discussed" to the extent it seeks information that is protected by the attorney-client privilege and attorney work product doctrine. In attendance and involved in these executive sessions were County Judge Josephine Miller, the county commissioners, and County Attorney, David Aken, serving in his capacity as the attorney for San Patricio County.[3] Because these communications were made by representatives of the county for the purpose of obtaining legal advice from the county attorney, they are protected by the attorney-client privilege. *U.S. v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982); *Perkins v. Gregg County, Texas,* 891 F. Supp. 361, 363 (E.D. Tex. 1995); *U.S. v. Mobil Corp.*, 149 F.R.D. 533, 536 (N.D. Tex. 1993).[4] Further, the work product doctrine protects documents and tangible things that reveal an attorney's opinions, evaluations and strategy about the case or were prepared in anticipation of litigation by the county. *Hickman v. Taylor*, 329 U.S. 495, 508-14, 67 S.Ct. 385 (1947)(finding work product was protection of the

---

[3] At least on one occasion, the personnel director, Norma Jean Gonzales, was present.

[4] *See also In re Grand Jury Subpoena 92-1 (SJ)*, 31 F.3d 826, 829 (9th Cir. 1994)(holding that privilege protects communications between client seeking legal advice and attorney providing such advice).

attorney's mental impressions and opinions); 6 MOORE'S FEDERAL PRACTICE §26.70 [2][c] at 26-209.[5] The tapes of the executive sessions are, in substance, recordings of conversations between the county and its attorney that concern the anticipated litigation and how to handle it. For these reasons, the executive session tapes should be protected from disclosure. *See Nguyen v. Excel Corp.*, 197 F.3d 200, 210 (5th Cir. 1999)(finding inquiries into legal counsel's opinions impermissible as contravening public policy underlying orderly prosecution and defense of legal claims).

6.  Defendants respectfully request that this Court enter a protective order prohibiting the discovery of any documents or recordings from any executive sessions of the commissioner's court.

Date: May 22, 2000

Respectfully submitted,

*/s/ Christine E. Braugh*
Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 21521
M. Colleen McHugh
State Bar No. 00000071
Federal I.D. No. 978
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEYS FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ

OF COUNSEL:

---

[5] "[C]ourts have protected an attorney's thoughts, mental processes, strategy, and opinions from disclosure, regardless of the discovery method employed.... Courts have continued to apply Hickman to prevent circumventing the work product doctrine by attempting to elicit an attorney's thought process...."

-4-

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 22, 2000, I conferred with Plaintiff's counsel, C.L. Wright III, attorney-in-charge for Plaintiff, and he opposes this Defendant San Patricio County and Defendant Pedro G. Rodriguez's Amended Motion for Protective Order and Objections to Plaintiff's Subpoena Duces Tecum.

Christine Emerson Braugh

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant San Patricio County and Defendant Pedro G. Rodriguez's Amended Motion for Protective Order and Objections to Plaintiff's Subpoena Duces Tecum has been forwarded by certified mail, return receipt requested to counsel for Plaintiff, on this the 22nd day of May, 2000.

| | |
|---|---|
| C.L. Wright III<br>710 North Mesquite<br>Corpus Christi, Texas 78401 | Certified Mail, Return<br>Return Requested Z 582 527 053 |

Christine Emerson Braugh

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JENNIFER VILLARREAL,** | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. C-00-052 |
| | § | |
| SAN PATRICIO COUNTY, TEXAS | § | JURY TRIAL REQUESTED |
| and PETE RODRIGUEZ, | § | |
| **individually and in his official capacity** | § | |
| **Defendants** | § | |

## ORDER

On this _____ day of _____, 2000, for good cause shown, the Court hereby ORDERS the following on Defendants' Amended Motion for Protective Order and Objections to Plaintiff's Subpoena Duces Tecum:

1. Defendants' objection to Plaintiff's requests for the following documents as being exempt from disclosure under state law are ruled upon as follows:

    (5) All agendas, minutes, notes, and other recording of any commissioner's court meeting where Jennifer Villarreal or her allegations against Pete Rodriguez were discussed.
    _____ SUSTAINED

    _____ OVERRULED.

2. Defendants' objection to Plaintiff's requests for the following documents as being protected from disclosure by the attorney-client privilege and attorney work product doctrine is ruled upon as follows:

    (5) All agendas, minutes, notes, and other recording of any commissioner's court meeting where Jennifer Villarreal or her allegations against Pete Rodriguez were discussed.
    _____ SUSTAINED

    _____ OVERRULED.

To the extent that an objection is sustained, Defendants are not to produce the requested documents. Defendants must produce documents as directed by this Order where so indicated.

_____
**Presiding Judge**