United States District Court
Southern District of Texas
ENTERED

JUN 26 2000

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-052 |
| | § | |
| SAN PATRICIO COUNTY, TEXAS | § | |
| and PETE RODRIGUEZ, individually | § | |
| and in his official capacity, | § | |
|     Defendant | § | |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

On May 22, 2000 defendants sought a protective order as to plaintiff's request for production of all agendas, minutes, notes and other recordings of any commissioners' court meeting where Jennifer Villarreal or her allegations against Pete Rodriguez were discussed. On May 11, 2000 the defendants were ordered to produce under seal and *in camera* audio tapes of two closed commissioners' court meetings where plaintiff's allegations were discussed (D.E. 34). Defendants complied with the order on May 22, 2000 by submitting two audio tapes with recordings of commissioners' court meetings on March 29, 1999 and December 13, 1999.

Having listened to the tapes *in camera*, it is now ordered that the defendants' motion for a protective order be granted. Neither tape contains any discussion of the merits of the case, other than to provide a brief synopsis of each party's version of what occurred. The bulk

of the discussion at both meetings was between the various county commissioners and the county attorney regarding the defendants' legal strategy and options.

A governmental body is entitled to conduct a private consultation with its attorney when the governmental body seeks the advice of its attorney about pending or contemplated litigation, or a settlement offer, or on a matter in which the duty of the attorney to the governmental body under the Texas Disciplinary Rules of Conduct of the State Bar of Texas clearly conflicts with the Texas Open Meetings Act.  Tex. Gov. Code § 551.071.  A closed meeting is also allowed so that a governing body can deliberate the appointment, employment, evaluation, reassignment, duties, discipline or dismissal of a public officer or employee.  But, if the officer or employee requests a public hearing, the governing body is required to hold an open meeting.  Tex. Gov. Code § 551.074; Markowski v. City of Marlin, 940 S.W.2d 720, 725 (Tex. App.--Waco 1997, error denied).

The Markowski court discussed the relationship between the two code provisions and concluded that "when a pending lawsuit involved unresolved charges or complaints about an officer or employee, it is permissible for the council to discuss those charges with its attorney as long as the discussion relates to the lawsuit."  Id.  Plaintiff in this case has complained that she did not have an opportunity to ask that any discussion about her grievance against Mr. Rodriguez be held in an open meeting.  Assuming that is true, the county commissioners were still entitled to discuss pending litigation.  Review of the tapes reveals that they did not discuss the facts or merits of her claim, but rather the legal strategy they would employ to counter her claims.

Accordingly, defendants' motion that they be relieved from producing all agendas, minutes, notes and other recordings of commissioners' court meeting held March 29, 1999 and December 13, 1999 is GRANTED.

ORDERED this ___ day of June, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

3