```
                IN THE UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                      CORPUS CHRISTI DIVISION
```

United States District Court
Southern District of Texas
FILED

JUL 06 2000

Michael N. Milby, Clerk

| | |
|---|---|
| JENNIFER VILLARREAL, § | |
|    Plaintiff § | |
| § | |
| V. § | CIVIL ACTION NO. C-00-052 |
| § | |
| SAN PATRICIO COUNTY, TEXAS § | JURY TRIAL REQUESTED |
| and PETE RODRIGUEZ, § | |
| individually and in his official capacity § | |
|    Defendants § | |

### DEFENDANT SAN PATRICIO COUNTY AND DEFENDANT PEDRO G. RODRIGUEZ'S MOTION TO QUASH DEPOSITIONS AND FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants San Patricio County and Commissioner Pedro G. Rodriguez file this their Motion to Quash Depositions and for Protective Order (the "Motion to Quash") under Federal Rules of Civil Procedure 26(c), and in support thereof would show the Court as follows:

### I. BACKGROUND

This is an employment case. Plaintiff Jennifer Villarreal asserts claims under Title VII for alleged sexual harassment and retaliation against Defendant San Patricio County, Texas and Pedro G. Rodriguez in his official capacity as San Patricio County Commissioner. Plaintiff also makes claims against Mr. Rodriguez individually under (a) 42 U.S.C. § 1983, asserting that his alleged harassment violates Plaintiff's equal protection rights, and (b) state tort theories of assault and defamation. Defendants deny that Plaintiff was ever subjected to a hostile work environment, was harassed, or was retaliated against. Defendants at all times acted for legitimate, nondiscriminatory business reasons. Defendants further deny Plaintiff's allegations under 42 U.S.C. § 1983 and state tort claims.



On June 15, 2000, Defendants were served by facsimile with Notices of Oral/Video Deposition requiring two of the highest ranking government officials of a county, San Patricio County Commissioner Gordon Porter and San Patricio County Commissioner Fred Nardini, to appear and give testimony in the above-entitled cause (the "Notice of Deposition"). *See Tab 1*. These depositions have been re-scheduled, subject to Defendants protective order, for July 7, 2000 and July 14, 2000.[1] Defendants move to have both of the County Commissioner's depositions quashed and move for protective order on several grounds. First, the stated information Plaintiff seeks to obtain from these County Commissioners is cumulative and duplicative of other deposition testimony that Plaintiff has already received from other witnesses and thus, unnecessarily burdens these County Commissioners and unnecessarily increases the expense of this litigation. Second, the depositions of the two County Commissioners are not reasonably calculated to lead to the discovery of admissible evidence. Third, Plaintiff's stated intent with regard to the testimony sought of these two Commissioners is impermissible, as she seeks information to impeach Defendant Pedro Rodriguez on a collateral matter. Finally, Plaintiff seeks to take an "apex" deposition of both County Commissioners, persons who did not witness the alleged harassing conduct, who did not participate in the investigation of such conduct, and have no direct knowledge of the facts in this case. To date, Plaintiff has not offered any evidence that the depositions of these County Commissioners will likely lead to the discovery of admissible evidence, are essential to that party's case, and are not available through alternative source or via less burdensome means.

---

[1] Plaintiff unilaterally noticed these depositions for June 28, 2000 and June 29, 2000. Defendants informed Plaintiff that Commissioner Nardini would not be available due to his attendance at the South Texas County Judges & Commissioners Annual Conference in Austin, Texas. Defendants further informed Plaintiff Commissioner Porter, who was previously scheduled to attend the same conference in Austin, was undergoing surgery and would be recovering from the surgery and thus, would prefer to move his deposition date.

As detailed below, Plaintiff's intent on taking the depositions of County Commissioner Porter and County Commissioner Nardini is harassing, burdensome, and above all, is not reasonably calculated to lead to the discovery of admissible evidence. Therefore, Defendants respectfully request that the Court quash Plaintiff's Deposition Notice to County Commissioner Porter and County Commissioner Nardini and enter an appropriate protective order to prevent Plaintiff from re-noticing County Commissioner Porter's and County Commissioner Nardini's deposition.

In the alternative, Defendants respectfully request that the Court limit the time and scope of these depositions, as well as the deposition of County Commissioner Nina Trevino noticed for July 14, 2000, so as to prevent Plaintiff from inquiring into areas that would be unnecessarily cumulative or duplicative, or that exceed the scope of permissible evidence.

## II. ANALYSIS

### A. Depositions of County Commissioner Porter and County Commissioner Nardini are unreasonably cumulative

The court should not permit a deposition if it determines that the deposition sought will be unreasonably cumulative or duplicative, or the same information may be obtained from some other source that is more convenient, less burdensome, or less expensive. FED. R. CIV. P. 26(b)(2)(i).

In this case, when asked the good-faith basis for taking the depositions of these County Commissioners, Plaintiff has stated that she seeks to discover information relating to what Defendant Rodriguez told each of the County Commissioners in August 1998 when attempting to secure Plaintiff a raise in her salary effective January 1999. Not only would Plaintiff be able to seek this information during the deposition of County Commissioner Nina Trevino schedule for July 13, 2000,[2] Plaintiff has already obtained this information through the deposition of San Patricio County

---

[2] Defendants do not move to quash the deposition of San Patricio County Commissioner Nina Trevino, as Defendants, through the discovery process, have learned that County Commissioner Trevino may have personal

Judge Josephine Miller. *See Tab 2, Deposition of Josephine Miller at 66-67.* Plaintiff's counsel specifically asked County Judge Miller what Defendant Rodriguez told her was his justification for seeking a raise in salary for Plaintiff. Additionally, Plaintiff's counsel obtained this information directly from Defendant Rodriguez on several occasions throughout his deposition. *See Tab 3, Deposition of Pedro G. Rodriguez at 106-111; 116-125; 132; 203-205.* Thus, the depositions of County Commissioner Porter and County Commissioner Nardini with respect to this issue would garner only cumulative testimony that could be obtained, and has already been obtained, from other sources. Clearly, the burden and expense of these two depositions outweighs its likely benefit, taking into account the importance of the depositions in resolving the issues in this case.[3] FED. R. CIV. P. 26(b)(2)(iii); *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1198 (11th Cir. 1991) (considering the "cumulative impact" of repeated requests for the testimony of researchers at Center for Disease Control working on a cure for AIDS virus in upholding a decision to quash a subpoena

---

knowledge of Plaintiff's actions subsequent to Plaintiff making her complaint to County Judge Josephine Miller. However, Defendants do seek a protective order to limit the time and scope of her deposition. *See discussion infra.*

[3] The United States Supreme Court, in *Herbert v. Lando,.* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649 (1979), analyzed the potential for abuse given unlimited discovery.

> The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials. *Schlagenhauf v. Holder,* 379 U.S. 104, 114-115, 85 S.Ct. 234, 241, 13 L.Ed.2d 152 (1964); *Hickman v. Taylor,* 329 U.S. 495, 501, 507, 67 S.Ct. 385, 388, 391, 91 L.Ed. 451 (1947). But the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, speedy, and inexpensive determination of every action." (Emphasis added.) To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

*Herbert v. Lando,.* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649 (1979).

under FRCP 45). For this reason, the depositions of County Commissioner Porter and County Commissioner Nardini should be quashed and the Court should enter a protective order.

    **B.    Depositions of County Commissioner Porter and County Commissioner Nardini are not reasonably calculated to lead to discovery of admissible evidence**

Gordon Porter is County Commissioner for Precinct 4 of San Patricio County, whose main office is located in Ingleside, Texas. *See Tab 4, Affidavit of G. Porter.* Fred Nardini is County Comissioner for Precinct 2 of San Patricio County, whose main office is located in Portland, Texas. *See Tab 5, Affidavit of F. Nardini.* Neither of their positions included any direct responsibility for Precinct 3 of San Patricio County, the precinct where both Defendant Rodriguez and Plaintiff worked and officed. *See Tab 4, Affidavit of G. Porter; see Tab 5, Affidavit of F. Nardini.* Accordingly, neither Commissioner Porter nor Commissioner Nardini were involved in the day-to-day management involving personnel issues in Precinct 3.

Neither Commissioner Porter nor Commissioner Nardini has ever had any in-person or telephone contact with Plaintiff, other than incidentally when calling to speak with Commissioner Rodriguez at the Precinct 3 office in Odem, Texas. *See Tab 4, Affidavit of G. Porter; see Tab 5, Affidavit of F. Nardini.* Importantly, neither Commissioner personally witnessed the alleged harassing actions complained of by Plaintiff and neither were placed in charge of the prompt, subsequent investigation of Plaintiff's complaints.[4] *Id.* The only information known by these Commissioners regarding Plaintiff's allegations and San Patricio County's response is what they learned from communications privileged by the attorney-client privilege during executive session meetings. Thus, any testimony sought to be elicited from Commissioner Porter and Commissioner

---

[4] For this reason, Plaintiff cannot, in good faith, attempt to establish that these County Commissioners' depositions are needed for her to prove her case of sexual harassment, retaliation, her equal protection claim under section 1983, or her state law tort claims of assault and defamation.

Nardini regarding their knowledge on this issue is privileged. *See Tab 6, Order on Defendant's Protective Order, dated June 22, 2000.*

Without any personal knowledge of subject matter of this case, *i.e.*, the alleged harassing actions by Defendant Rodriguez leading up to and including Plaintiff's complaint and the subsequent investigation regarding same, it is clear that neither Commissioner Porter's nor Commissioner Nardini's deposition is reasonably calculated to lead to the discovery of admissible evidence.[5] *See* FED. R. CIV. P. 26 (b)(1). Unless and until Plaintiff can establish this minimum requirement for even seeking discovery by way of these two Commissioner's depositions, this Court should quash their depositions in their entirety.[6] *See* FED. R. CIV. P.26 (b)(1).

### C. Plaintiff seeks the depositions of County Commissioner Porter and County Commissioner Nardini to impeach Defendant Rodriguez on collateral matter.

When asked to articulate a reason for taking the depositions of Commissioner Porter and Commissioner Nardini, Plaintiff stated that she seeks testimony from each Commissioner regarding Defendant Rodriguez's stated reasons for giving Plaintiff an increase in salary, effective January 1999. As stated earlier, Plaintiff has already obtained this testimony through County Judge Miller wherein she testified that Defendant Rodriguez stated that Plaintiff did a good job with the budget, was working hard, and he wanted to give her a raise. *See Tab 2, Deposition of Josephine Miller at 66:25-67-15.* Plaintiff then stated her intention to contrast (i) Defendant Rodriguez's reasons (stated in his deposition) given to other Commissioners with (ii) the deposition testimony Plaintiff already

---

[5] Furthermore, to the extent Plaintiff seeks to take the deposition of County representatives, Plaintiff has already taken the depositions of (i) County Judge Josephine Miller as both a fact witness and as the representative of San Patricio County, and (ii) Norma Gonzales, Personnel Director for San Patricio County, as both a fact witness and the person most knowledgeable about the County's personnel manual. Additionally, Plaintiff has noticed the deposition of County Commissioner Nina Trevino.

[6] Significantly, Plaintiff herself did not list either Commissioner Porter or Commissioner Nardini as persons with relevant knowledge in her disclosures, deposition, or responses to interrogatories.

obtained from Defendant Rodriguez regarding his reasons for pursing an increase in salary for Plaintiff,[7] and impeach Defendant Rodriguez with this collateral issue. Basically, Plaintiff seeks to establish that if Defendant Rodriguez was not truthful to others about his reasons for giving Plaintiff a raise, then it is likely that Defendant Rodriguez was not truthful when questioned about Plaintiff's allegations of sexual harassment. This matter is substantially similar to Plaintiff's earlier attempt through discovery to obtain Defendant Rodriguez's investigatory files relating to matters unrelated to allegations of sexual harassment, which this Court denied by granting that portion of Defendants' Motion for Protective Order. *See Tab 7, Order on Motion to Quash Subpoena and for Protective Order dated May 11, 2000 at ¶ 3.*

As made clear by Federal Rules of Evidence 404 and 608, evidence of other crimes, wrongs or acts is inadmissible because such evidence is irrelevant to prove the conduct in question. FED. R. EVID. 404 & 608; WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, §5239, p. 436. Furthermore, a party may not present extrinsic evidence of specific instances of conduct to impeach a witness on a collateral matter. *U.S. v. Andujar*, 49 F.3d 16, 26 (1st Cir. 1995). For these reasons, Defendants assert that Plaintiff's stated reasons for noticing the depositions of Commissioner Porter and Commissioner Nardini are impermissible and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, Defendants move to quash the depositions of Commissioner Porter and Commissioner Nardini.

---

[7] *See Tab 3, Deposition of Pedro G. Rodriguez at 106-111; 116-125; 132; 203-205.*

**D.     Depositions of County Commissioner Porter and County Commissioner Nardini are "apex" depositions of high ranking government officials and Plaintiff cannot establish the necessary factors in order to depose these commissioners.**

In general, high ranking government officials enjoy limited immunity from being deposed in matters about which they have no personal knowledge. *See In re Office of Inspector General,* 933 F.2d 276, 278 (5th Cir.1991)[8] (per curiam) (citing *EEOC v. K-Mart,* 694 F.2d 1055, 1067-68 (6th Cir.1982)); *Warzon v. Drew,* 155 F.R.D. 183, 185 (E.D. Wis. 1994); *see also In re Federal Dep. Ins. Corp.,* 58 F.3d 1055, 1061 (5th Cir. 1995)(stating that absent exceptional circumstances, senior government officials may *not* be deposed in cases in which government is a party). Generally, high-ranking government officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.[9] *In re Federal Dep. Ins. Corp.,* 58 F.3d at 1061; *In re Office of Inspector General,* 933 F.2d at 278. Before the depositions of high ranking government officials will be permitted, party seeking depositions must demonstrate that particular official's testimony will likely lead to the discovery of admissible evidence, is essential to that party's case, and is not available through alternative source or via less burdensome means. *Sweeney v. Bond,* 669 F.2d 542, 546 (8th Cir.), *cert. denied sub nom. Schenberg v. Bond,* 459 U.S. 878 (1982),

---

[8] It is a settled rule in the Fifth Circuit that exceptional circumstances must exist before the depositions of high government officials are permitted. *See In re Office of Inspector General,* 933 F.2d 276, 278 (5th Cir.1991) (per curiam) (citing *EEOC v. K-Mart,* 694 F.2d 1055, 1067-68 (6th Cir.1982)).

[9] Defendants do not dispute that Commissioner Porter and Commissioner Nardini participated in official actions by voting on Plaintiff's requested raise and approving the personnel action transferring Plaintiff from her position in Precinct 3 to a position in the Emergency Management Office. This does not of itself subject them to the burdens of litigation discovery. *Cf. In re Federal Dep. Ins. Corp.,* 58 F.3d at 1061. As County Commissioners, Porter and Nardini are precisely the types of individuals that governmental immunity is intended to protect. *See U.S. v. Miracle Recreation Equip Co.,* 118 F.R.D. 100 (S.D. Iowa 1987); *see also In re Office of Inspector General,* 933 F.2d 276, 278 (5th Cir. 1991)("Further, we have concluded that it is normally inappropriate to 'probe the mental processes and motives of the individual decision-maker, rather than to question the objective legal validity of the institutional decision.'"). Because Plaintiff fails to demonstrate that the alternative sources for the evidence she seeks, *i.e.,* County Judge Josephine Miller and Defendant Rodriguez, are inadequate, she cannot justify interrupting the work of these county commissioners for the purposes of taking their depositions in this matter. *See id.*

*abrogated on other grounds by O'Hare Truck Service Inc. v. City of Northlake,* 518 U.S. 712 (1996); *Warzon v. Drew,* 155 F.R.D. 183, 185 (E.D. Wis. 1994).

As demonstrated above, Plaintiff cannot demonstrate that either Commissioner Porter's or Commissioner Nardini's testimony will likely lead to the discovery of admissible evidence and is essential to her case. Plaintiff alleges sexual harassment by Defendant Rodriguez in her lawsuit. Defendant objects that the requested depositions by Commissioner Porter and Commissioner Nardini are not reasonably calculated to lead to evidence that would make it more or less likely that Defendant Rodriguez sexually harassed Plaintiff. The information sought by Plaintiff simply has no relevance to Plaintiff's claims of sexual harassment against San Patricio County and Defendant Rodriguez. Accordingly, there is no basis upon which Plaintiff can argue that the depositions of Commissioner Porter and Commissioner Nardini are proper.

Further, as evidenced by the affidavit of County Commissioner Gorden Porter and County Commissioner Fred Nardini, neither have any unique or superior knowledge of discoverable information. *See Tab 4, Affidavit of G. Porter; see Tab 5, Affidavit of F. Nardini.* In fact, neither witnessed any of the alleged harassing conduct nor participated in the prompt, subsequent investigation into Plaintiff's complaint of alleged harassing conduct. *Id.* Without any unique personal knowledge regarding the subject matter of the lawsuit, much less any knowledge that would lead to the discovery of admissible evidence, the depositions of the two County Commissioners should be quashed. *See Salter v. Upjohn,* 593 F.2d 649, 651 (5th Cir. 1979)(noting that corporation president had no direct knowledge of the facts of the case).

To the extent that Plaintiff articulates a reason that this testimony is essential to her case, Plaintiff cannot demonstrate that the testimony that she seeks is not available through alternative source or via less burdensome means. As Defendants have demonstrated in this motion, Plaintiff

has sought and obtained testimony from County Judge Miller and Defendant Rodriguez. Further, Plaintiff has noticed the deposition of Commissioner Nina Trevino, whom Defendants are not seeking to quash her deposition.[10] Because Plaintiff is unable to articulate that these particular commissioners' testimony will likely lead to the discovery of admissible evidence, is essential to that party's case, and is not available through alternative source or via less burdensome means, Defendants can only conclude that these depositions are for purposes of harassment.

### E. In the alternative, depositions of County Commissioner Porter, County Commissioner Nardini, and County Commissioner Trevino should be limited in time and scope.

If the Court does not grant Defendants' Motion to Quash the depositions of County Commissioner Porter and County Commissioner Nardini, Defendants, in the alternative, ask this court to limit the scope of the depositions of these two commissioners, in addition to the noticed deposition of County Commissioner Nina Trevino, with a protective order.

The Court has broad discretion to protect the movant with a protective order. FED. R. CIV. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Parties may request a protective order to protect areas clearly beyond the scope of discovery. *Caldwell v. Life Ins. Co. of N. America*, 165 F.R.D. 633, 637 (D. Kan 1996). To determine whether good cause is shown, the Court often balances the party's burden of production and privacy interests against the other party's and public's right to obtain

---

[10] By not seeking to quash the deposition notice of Commissioner Nina Trevino in this motion, Defendants are not waiving their argument, in the alternative, that the scope of the Commissioners' depositions be limited. Further, Defendants do not waive their right to assert Federal Rule of Civil Procedure 30(a)(2)(A), which limits each side to ten depositions being taken without leave of court. To date, Plaintiff has taken the eight depositions, including Defendant Rodriguez, County Judge Josephine Miller, County Attorney David Aken, Rick Moore, Willie Pena, Norma Gonzales, County Treasurer Judy Burr, and Marcy Thormaehlen, and one deposition by written questions to the County Judges & Commissioners Association of Texas.

information. *Seattle Times*, 467 U.S. at 34-36; *Coleman v. American Red Cross*, 979 F.2d 1135, 1139 (6th Cir. 1992). Defendants seek a protective order regarding the depositions of the three County Commissioners in that Plaintiff not be able to inquire into areas that would be unnecessarily cumulative or duplicative, or that exceed the scope of permissible discovery.

### III. PRAYER

For the foregoing reasons, the depositions of County Commissioner Porter and County Commissioner Nardini should be quashed and a protective order entered. In the alternative, the depositions of County Commissioner Porter, County Commissioner Nardini, and County Commissioner Trevino should be limited in time and scope. Defendants also pray for any other relief, legal or equitable, to which they are justly entitled.

Date: July 6, 2000

Respectfully submitted,

*/s/ Christine E. Braugh*
Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 21521

OF COUNSEL:

M. Colleen McHugh
State Bar No. 00000071
Federal I.D. No. 978
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEYS FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Plaintiff's counsel, C.L. Wright III, attorney-in-charge for Plaintiff, and he opposes this **DEFENDANT SAN PATRICIO COUNTY AND DEFENDANT PEDRO G. RODRIGUEZ'S MOTION TO QUASH DEPOSITIONS AND FOR PROTECTIVE ORDER**.

Christine Emerson Braugh

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT SAN PATRICIO COUNTY AND DEFENDANT PEDRO G. RODRIGUEZ'S MOTION TO QUASH DEPOSITIONS AND FOR PROTECTIVE ORDER** has been forwarded by Hand Delivery to counsel for Plaintiff, on this the 6th day of July, 2000.

C.L. Wright III                                          Via Hand Delivery
710 North Mesquite
Corpus Christi, Texas 78401

Christine Emerson Braugh

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL, <br> Plaintiff | § <br> § <br> § <br> § | |
| V. | § | CIVIL ACTION NO. C-00-052 |
| | § | |
| SAN PATRICIO COUNTY, TEXAS <br> and PETE RODRIGUEZ, <br> individually and in his official capacity <br> Defendants | § <br> § <br> § <br> § | JURY TRIAL REQUESTED |

## ORDER

Be it remembered that on the ____ day of _____, 2000, came on to be heard Defendants San Patricio County and Pedro G. Rodriguez's Motion to Quash Depositions and for Protective Order. The Court, after hearing the arguments of counsel and reviewing the pleadings on file in the referenced matter, is of the opinion that said Defendants San Patricio County and Pedro G. Rodriguez's Motion to Quash Depositions and for Protective Order should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that the Notice of Oral/Video Deposition of Fred Nardini is hereby QUASHED; and

It is further, ORDERED, ADJUDGED and DECREED that Plaintiff shall not re-notice the deposition of Fred Nardini.

It is therefore, ORDERED, ADJUDGED and DECREED that the Notice of Oral/Video Deposition of Gordon Porter is hereby QUASHED; and

It is further, ORDERED, ADJUDGED and DECREED that Plaintiff shall not re-notice the deposition of Gordon Porter.

It is therefore, ORDERED, ADJUDGED and DECREED that the deposition of Nina Trevino is limited as to time and scope, specifically, _____

_____

_____.

Signed this the _____ day of _____, 2000.

_____
JUDGE PRESIDING