United States District Court
Southern District of Texas
FILED

JUL 19 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. C-00-052 |
| | § | |
| SAN PATRICIO COUNTY, TEXAS | § | JURY TRIAL REQUESTED |
| and PETE RODRIGUEZ, | § | |
| individually and in his official capacity | § | |
|     Defendants | § | |

**DEFENDANT SAN PATRICIO COUNTY AND DEFENDANT PEDRO G. RODRIGUEZ'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Defendant San Patricio County and Defendant Pedro Rodriguez (collectively referred to as "Defendants") in the above-styled and numbered claim, and files this, their Unopposed Motion for Leave to File First Amended Answer, and would respectfully show this Honorable Court the following:

    1.    Defendants filed their Original Answer on March 1, 2000.

    2.    Since that time, Defendants have engaged in oral and written discovery and engaged in further factual and legal investigation of this case. Based upon information obtained through the discovery process and Defendants' investigations, Defendants wish to modify their answer by adding additional defenses.

    3.    Trial is set for January 16, 2001, the deadline for amendment of pleadings is September 1, 2000, and discovery closes in this case on October 2, 2000, as per the Court's Scheduling Order deadlines signed by United States District Judge H. W. Head, Jr. on February 9, 2000.

46

4. Plaintiff would not be prejudiced by the filing of Defendants First Amended Answer because Plaintiff has two and a half months to conduct additional discovery.

5. Under the liberal pleading amendment standards embodied by Rule 15(a) of the Federal Rules of Civil Procedure, the Court should grant Defendants leave to file their first amended answer. *See, e.g., Lowrey v. Texas A&M University System,* 117 F.3d 242, 245 (5th Cir. 1997) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("In the absence of any apparent or declared reason -- such as undue delay, bad faith . . . [or] undue prejudice to the opposing party . . . the leave sought should, as the rules require, be 'freely given.'").

6. Defendants have attached to this motion Defendant San Patricio County and Defendant Pedro G. Rodriguez's First Amended Answer (behind Tab 1).

WHEREFORE, Defendants respectfully request that the Court grant Defendants Unopposed Motion for Leave to File First Amended Answer and order the Clerk to file Defendants First Amended Answer attached hereto behind Tab 1.

Date: July 19, 2000

Respectfully submitted,

Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 21521
M. Colleen McHugh
State Bar No. 00000071
Federal I.D. No. 978
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEYS FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ

OF COUNSEL:

LOTTM\9C2664\000110
CORPUS CHRISTI\521918.1

## CERTIFICATE OF CONFERENCE

On July 14, 2000, and on July 19, 2000, Defendants conferred with Plaintiff's counsel concerning the forgoing motion. Plaintiff's counsel was not opposed.

_____
Christine Emerson Braugh

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT SAN PATRICIO COUNTY AND DEFENDANT PEDRO G. RODRIGUEZ'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER** has been sent by Hand Delivery to all counsel of record, on this the 19th day of July, 2000.

Mr. C.L. Wright III
Attorney at Law
710 North Mesquite Street
Corpus Christi, Texas 78401

_____
Christine Emerson Braugh

United States District Court
Southern District of Texas
FILED

JUL 19 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNIFER VILLARREAL, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. C-00-052 |
| | § | |
| SAN PATRICIO COUNTY, TEXAS | § | JURY TRIAL REQUESTED |
| and PETE RODRIGUEZ, | § | |
| individually and in his official capacity | § | |
| Defendants | § | |

### DEFENDANT SAN PATRICIO COUNTY AND
### DEFENDANT PEDRO G. RODRIGUEZ'S FIRST AMENDED ANSWER

The Defendant San Patricio County and the Defendant Pedro G. Rodriguez (incorrectly referred to as Pete Rodriguez), by and through undersigned counsel, file this First Amended Answer to Complainant's Original Petition for Damages and would respectfully show the Court the following:

### I. DEFENSES

In asserting the following defenses, the Defendants do not admit that the burden of proving the allegation or denials contained in the defenses is upon the Defendants, but, to the contrary, that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon the Plaintiff. Moreover, the Defendants do not admit, in asserting any defense, any liability, but to the contrary, specifically deny any and all allegations of liability in the Plaintiff's Original Complaint for Damages (incorrectly named as "Complainant's Original Petition for Damages and Request for Jury Trial")(herein referred to as the "Complaint.") Without admitting liability as to any of the Plaintiff's causes of action, the Defendants assert the following defenses:

LOTTM\9C2664\000110
CORPUS CHRISTI\521919.1

## FIRST DEFENSE

Defendants plead that Plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. In particular, Defendant San Patricio County does not maintain a custom, policy, or practice of violating the equal protection rights of its employees.

## SECOND DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that Defendant San Patricio County is entitled to the defense of sovereign immunity and/or governmental immunity against any and all Texas common law claims asserted by Plaintiff.

## THIRD DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that as a matter of law, Defendant Rodriguez may not be held liable under 42 U.S.C. § 1983 or under Texas law because he has qualified immunity and official immunity against all claims.

## FOURTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

## FIFTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that Plaintiff's claims are barred to the extent they involve transactions or events, or seek damages for periods, outside the applicable statutory limitations periods.

## SIXTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that Plaintiff's claims or damages are barred, in whole or in part, because Defendant San Patricio County exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and Plaintiff

unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant San Patricio County or to otherwise avoid harm.

### SEVENTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that Plaintiff must mitigate any and all alleged damages, and Defendants are entitled to an offset for any amounts (including unemployment compensation payments, if any, or other benefits) that Plaintiff earned or could have earned with due diligence after her separation from employment with Defendant San Patricio County.

### EIGHTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that Plaintiff's claims under Title VII are barred by Plaintiff's failure to comply with the procedural prerequisites of the act including timely charge filing and exhaustion of administrative remedies.

### NINTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that all claims under Title VII, which were not the subject of a timely charge filed with the Equal Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. § 2000e-5(e), with respect to which no investigation or conciliation effort has been made by the EEOC, or, which were not made the subject of a timely civil action pursuant to 42 U.S.C. § 2000e-5(f)(1), are barred in their entirety.

### TENTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that to the extent that any action complained of by Plaintiff occurred more than 300 days prior to her filing of a charge with the EEOC, a granting of any relief under Title VII, 42 U.S.C. § 2000e et seq., is untimely and barred.

## ELEVENTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that Plaintiff may not obtain punitive damages against Defendant San Patricio County, a public entity, which is immune under state and federal law from all claims of punitive damages.

## TWELFTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that any statements alleged to have been made by Defendant Pedro G. Rodriguez and upon which Plaintiff's complaint is premised, if and to the extent they were made, were privileged as Defendant Pedro G. Rodriguez was privileged to defend himself against a charge of sexual harassment.

## THIRTEENTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that any statements alleged to have been made by Defendant Pedro G. Rodriguez and upon which Plaintiff's complaint is premised, if and to the extent they were made, were qualifiedly or conditionally privileged and were made without malice by and to persons with legitimate interest in the matter.

## FOURTEENTH DEFENSE

Defendants further plead, if such be necessary, and pleading in the alternative, that the publications alleged to be defamatory and false, if such publications are found to have been made, are in fact true or substantially true.

## II. SPECIFIC ADMISSIONS AND DENIALS

In further answer herein, if such be deemed necessary, and pleading in the alternative, and subject to the preceding defenses, Defendant pleads as follows in response to each of the allegations contained in Plaintiff's Original Complaint for Damages and Request for Jury Trial (incorrectly named as "Complainant's Original Petition for Damages and Request for Jury Trial"):

LOTTM\9C2664\000110
CORPUS CHRISTI\521919.1

4

1.01    Defendants admit that Plaintiff has asserted a cause of action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and 42 U.S.C. § 1983. Defendants, however, deny that they have deprived Plaintiff of any rights secured to her under Title VII or 42 U.S.C. § 1983. Defendants admit that the federal statutes cited in the complaint constitute a basis for federal jurisdiction and venue in this Court. However, Defendants deny that the Plaintiff has stated a claim or that she is entitled to relief under any of the cited statutes or under any other statute or common law. Defendants further deny that venue is proper pursuant to 28 U.S.C. §1391. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 1.01.

1.02    Defendants admit that Plaintiff seeks to invoke the supplemental jurisdiction of this Court. Defendants, however, deny that any facts exist to that would permit this Court to exercise this supplemental jurisdiction.

2.01    Defendants admit that Plaintiff is an individual residing in Nueces County, Texas.

2.02    Defendants admit the allegations contained in Paragraph 2.02 of Complainant's Original Petition for Damages and Request for Jury Trial.

2.03    Defendants admit that Plaintiff has brought suit against Defendant Pedro G. Rodriguez, in his individual capacity and in his official capacity as Commissioner Precinct Three, San Patricio County, Texas. Defendants, however, deny that these claims have merit and deny that Plaintiff is entitled to any relief.

3.01    Defendants admit that Plaintiff began her employment with San Patricio County in 1997. Defendants further admit that Plaintiff's title when she left her employment with San Patricio County was Administrative Assistant. Defendants further admit that Plaintiff worked in the

Commissioner's office located in Odem, Texas. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.01.

3.02    Defendants admit that following the counseling of Plaintiff for inappropriate and unprofessional workplace attire, Commissioner Rodriguez complimented Plaintiff for her more professional appearance to encourage her to continue dressing appropriately for her position. Except as specifically admitted, Defendants deny the allegations Paragraph 3.02.

3.03    Defendants admit Commissioner Rodriguez and Plaintiff attended a one day computer class in Corpus Christi, Texas, each driving their own vehicles. Defendants further admit that Commissioner Rodriguez and Plaintiff ate lunch at Chili's restaurant in Corpus Christi. Defendants are without knowledge sufficient to form a reasonable belief as to the exact date of this computer class, and therefore deny the allegations concerning the date. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.03.

3.04    Defendants deny the allegations contained in Paragraph 3.04.

3.05    Defendants admit that Commissioner Rodriguez and Plaintiff attended a second computer class in Corpus Christi, but Defendants are without knowledge sufficient to form a reasonable belief as to the exact date of the second computer class, and therefore deny the allegations concerning the date. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.05.

3.06    Defendants deny the allegations contained in Paragraph 3.06.

3.07    Defendants deny the allegations contained in Paragraph 3.07.

3.08    Defendants admit that on the day that Commissioner Rodriguez successfully petitioned the Commissioner's Court for a raise in Plaintiff's annual salary, Commissioner Rodriguez returned to his office and informed the Plaintiff of the good news, stating words to the effect

that they had "won" and offering a congratulatory hug. Defendants admit that Plaintiff declined to give Commissioner Rodriguez a hug. The Defendants deny that Commissioner Rodriguez attempted to receive a hug from Plaintiff and they deny the implication of Plaintiff's Paragraph 3.08 that Commissioner Rodriguez's comments or conduct were anything but professional and congratulatory. Except as specifically admitted, Defendants deny the allegations contained Paragraph 3.08.

3.09  Defendants admit that on one occasion Commissioner Rodriguez telephoned Plaintiff and stated words to the effect of what was Plaintiff trying to do to him in response to allegations that Plaintiff had made untruthful statements about him. Defendants are without knowledge sufficient to form a reasonable belief as to the exact date of this conversation, and therefore deny the allegations concerning the date. Except as specifically admitted, Defendants deny the allegations contained in this paragraph.

3.10  Defendants deny the allegations contained in Paragraph 3.10.

3.10 A.  Defendants deny the allegations contained in Paragraph 3.10(A).

3.10 B.  Defendants admit that Kay Whatley, as a matter of practice, made travel arrangements for the Commissioners and relayed the information regarding the travel arrangements to the Commissioners' offices. Defendants lack information and knowledge sufficient to form a reasonable belief concerning Plaintiff's allegations that this conversation occurred on February 19, 1999 and therefore deny the allegations concerning the date. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.10(B).

3.10 C.  Defendants are without sufficient knowledge to form a belief as to the truth of the allegations regarding when and why Plaintiff left the office on February 24, 1999 and

therefore, deny the allegations concerning the date. Defendants admit that Commissioner Rodriguez telephoned Plaintiff after lunch and reprimanded Plaintiff for leaving the office after he had instructed her not to do so and deny the allegation that Commissioner Rodriguez was "yelling at her." Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.10(C).

3.11  Defendants admit that Plaintiff made a complaint and gave a statement to County Judge Josephine Miller and Rick Moore on March 1, 1999, wherein Plaintiff stated complaints regarding Commissioner Rodriguez. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.11.

3.12  Defendants admit that Commissioner Rodriguez called his office to check his messages and did so with brevity and in a professional and appropriate manner. Defendants deny that Commissioner Rodriguez called the Plaintiff "constantly" and that he "talked to her in a very demeaning manner." Defendants admit that Commissioner Rodriguez's signature is necessary for the employees of San Patricio working in Precinct Three to be paid. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.12.

3.13  Defendants admit that Plaintiff asked Mr. Moore for a copy of her statement and that Mr. Moore stated that he would have to check with Judge Miller regarding obtaining a copy of Plaintiff's statement. Defendants further admit that Plaintiff told Mr. Moore about the alleged phone calls from Commissioner Rodriguez and admit that "he didn't say what he would about them" because Mr. Moore's responsibilities were limited to taking statements in the investigation. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.13.

3.14  Defendants admit that Commissioner Rodriguez called his office to check his messages and to give instructions, and they admit that these telephone calls were handled with brevity and in an appropriate and professional manner. Defendants deny that Commissioner Rodriguez was trying "to intimidate" or "harass" the Plaintiff. Defendants admit that Plaintiff contacted County Attorney David Aken at some point, but they lack knowledge sufficient as to form a reasonable belief as to the exact date of this conversation and therefore, deny the allegations concerning the date. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.14.

3.15  Defendants admit that Plaintiff spoke to Mr. Aken regarding Commissioner Rodriguez's alleged actions that Plaintiff claims were harassing. Defendants lack knowledge sufficient as to form a reasonable belief as to the exact date of this conversation and therefore, deny the allegations concerning the date. Defendants further admit that Mr. Aken attempted to alleviate Plaintiff's alleged concerns and to describe the complaint process, specifically explaining to her that a formal complaint was necessary to trigger the grievance process. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.15.

3.16  Defendants admit that Commissioner Rodriguez called his office to check his messages and to give instructions, and they admit that these telephone calls were handled with brevity and in an appropriate and professional manner. Defendants deny that Commissioner Rodriguez would "constantly call" Plaintiff at the office. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.16.

3.17  Defendants admit that Plaintiff spoke to Judge Miller about Commissioner Rodriguez's alleged actions that Plaintiff claims were harassing. Defendants admit that it was initially unclear whether Plaintiff intended to trigger the formal grievance procedure under the

policies of San Patricio County. Defendants further admit that, once Plaintiff stated her intention to trigger the formal grievance procedure, Judge Miller explained to Plaintiff how the procedure worked, including the County's time period to respond, that David Aken's office would be responsible for the investigation, and that under the grievance procedures, Plaintiff's written statement must include the specific remedial action requested by Plaintiff. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.17.

3.18   Defendants admit that Rick Moore, an investigator with David Aken's office, communicated with Plaintiff during the investigation, as it was his responsibility to do so and not David Aken's. Defendants further admit that Plaintiff gave Mr. Moore the names of persons whom he could contact, which he did. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.18.

3.19   Defendants admit that Plaintiff contacted Judge Miller's office and that Plaintiff scheduled a meeting with Judge Miller on Friday, March 19, 1999. Defendants admit that Commissioner Rodriguez made telephone calls to his office to check his messages and to give instructions, and they admit that these telephone calls were handled with brevity and in an appropriate and professional manner. Defendants lack information and knowledge sufficient to form a reasonable belief concerning the allegations regarding Plaintiff's actions the week of March 15, 1999 and therefore, deny same. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.19.

3.20   Defendants admit that Plaintiff spoke with Norma Gonzales, Personnel Director. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.20.

3.21   Defendants admit that Judge Miller met with Plaintiff, but deny specifically the allegations in sentences 1, 2 and 3 of Paragraph 3.21. Defendants further admit that Judge Miller

discussed with Plaintiff several options to resolve this alleged situation involving Commissioner Rodriguez. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.21.

3.22  Defendants admit that Plaintiff spoke with Judge Josephine Miller on March 26, 1999 and, during this conversation, Plaintiff stated her intention to quit her job. Defendant further admits that Judge Miller informed Plaintiff about the possibility of a position trade with Ms. Frances Olivarez in the Emergency Management Department but Defendants are without knowledge sufficient to form a reasonable belief as to the exact date of this conversation, and therefore deny the allegations concerning the date. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.22.

3.23  Defendants admit that Plaintiff had made a statement to Judge Miller regarding Plaintiff's intent to leave her job with San Patricio County. Defendants lack information and knowledge sufficient to form a reasonable belief concerning Plaintiff's allegation that this conversation occurred on March 29, 1999 and therefore deny the allegations concerning the date. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.23.

3.24  Defendants admit that Plaintiff spoke with Mr. Aken regarding the County's investigation into Plaintiff's allegations of harassment on April 1, 1999 and that Plaintiff began yelling at Mr. Aken during this conversation so loud that others could hear Plaintiff yelling. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.24.

3.25  Defendants admit that Mr. Kirby was disappointed at the prospect of losing his assistant, Ms. Olivarez, but that he welcomed Plaintiff into his department as his new assistant. Defendants

further admit that Frances Olivarez was unhappy to leave her position. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.25.

3.26    Defendants deny the allegations contained in Paragraph 3.26.

3.27    Defendants admit that after Plaintiff and Ms. Olivarez changed positions, Plaintiff contacted Ms. Gonzales, Personnel Director, via telephone and requested time off. Defendants admit that Ms. Gonzales called Judge Miller regarding Plaintiff's request. Defendants lack knowledge sufficient as to form a reasonable belief as to whether Plaintiff actually went to her doctor and the conversations that allegedly occurred between Plaintiff and her doctor and therefore, deny same. Defendants admit that Plaintiff's doctor faxed a doctor's excuse to the County. Defendants further admit that Plaintiff was off of work for one week. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.27.

3.28    Defendants admit that, immediately upon returning to work in her position with Mr. Kirby, Plaintiff gave her two-week notice. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.28.

3.29    Defendants deny the allegations contained in Paragraph 3.29.

3.30    Defendants deny the allegations contained in Paragraph 3.30.

3.31    Defendants can neither admit or deny the allegations in this paragraph because it is unduly ambiguous and vague and therefore deny same.

3.32    Defendants admit that in 1998, San Patricio County was found liable by a jury for violations of Title VII. Defendants admit that a jury in the Southern District of Texas found that a reasonable law enforcement officer could have concluded that Sheriff Leroy Moody's conduct did not violate McKenzie's constitutional rights and therefore, Sheriff Moody was entitled to qualified immunity as to all claims against him in his individual capacity.

Defendants deny that the sexual harassment policies of San Patricio County were or are inadequate and further deny that it had any notice of such alleged inadequacy. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.32.

3.33 Defendants admit that the April 17, 1998 judgment against San Patricio County amounted to $374,032.33 plus pre-judgment interest. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.33.

4.01 Defendants admit that Plaintiff makes her claims in this action under Title VII of the Civil Rights Act of 1964, as amended. Defendants, however, deny that Plaintiff has been denied of any rights secured to her under Title VII. Defendants further deny they have committed any "sexual harassment" or "retaliation" and deny that Plaintiff has an actionable claim under Title VII or any other statute, or common law. Defendants deny that Plaintiff has suffered any damages, is entitled to the damages claimed, or is entitled to any relief whatsoever in law or in equity. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 4.01.

4.02 Defendants admit that Plaintiff asserts claims in this action against Commissioner Rodriguez under the theories of slander and assault. Defendants deny that these claims have any merit and therefore, deny that Plaintiff suffered any damages, is entitled to the damages claimed, or is entitled to any relief whatsoever. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 4.02.

4.03 Defendants admit that Plaintiff makes her claims under the theory of strict liability. Defendants deny that this theory has any merit. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 4.03.

4.04   Defendants admit that Plaintiff asserts a claim under 42 U.S.C. § 1983. Defendants, however, deny Plaintiff has been deprived of any rights secured to her under 42 U.S.C. § 1983. Defendants further deny that Plaintiff has an actionable claim under 42 U.S.C. § 1983 or under any other statute or common law. Defendants deny that Plaintiff has suffered any damages, is entitled to the damages claimed, or is entitled to any relief whatsoever in law or in equity. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 4.04.

4.05   Defendants deny the allegations contained in Paragraph 4.05.

5.01   Defendants admit Plaintiff is seeking compensatory damages in this lawsuit. Defendants, however, deny that Plaintiff has suffered any damages, is entitled to the damages claimed or is entitled to any relief whatsoever in law or in equity. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 5.01.

5.02   Defendants admit that Plaintiff seeks punitive damages against Commissioner Rodriguez, but deny that Plaintiff has suffered any damages, is entitled to the damages claimed, or is entitled to any relief whatsoever in law or in equity.

5.03   Defendants admit that Plaintiff seeks attorney's fees, but deny that Plaintiff has suffered any damages, is entitled to the damages claimed, or is entitled to any relief whatsoever in law or in equity.

5.04   Defendants admit that Plaintiff seeks front pay. Defendants, however, deny that Plaintiff has suffered any damages, is entitled to the damages claimed, or is entitled to any relief whatsoever in law or in equity.

6.01   Defendants admit that Plaintiff seeks trial of this matter by a jury. With respect to the allegation in the prayer for relief in Complainant's Original Petition for Damages and

Request for Jury Trial, Defendants deny that Plaintiff has suffered any damages, is entitled to the damages claimed, or is entitled to any relief whatsoever in law or in equity.

All allegations of Complainant's Original Petition for Damages and Request for Jury Trial not expressly and specifically admitted in the foregoing responses are hereby denied.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing hereof, the Court enter judgment for Defendants as follows:

1. Dismissing Plaintiff's Original Petition for Damages and Request for Jury Trial (incorrectly named as "Complainant's Original Petition for Damages and Request for Jury Trial") and all claims therein with prejudice;

2. Awarding Defendants their costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; and

3. Awarding Defendants such other relief to which they may show themselves justly entitled.

July 19, 2000

Respectfully submitted,

*Christine E Braugh*

Christine Emerson Braugh
Attorney-In-Charge
State Bar No. 00796511
Federal I.D. No. 21521
M. Colleen McHugh
State Bar No. 00000071
Federal I.D. No. 978
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEY FOR DEFENDANTS
SAN PATRICIO COUNTY and
PEDRO G. RODRIGUEZ

OF COUNSEL:

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT SAN PATRICIO COUNTY AND DEFENDANT PEDRO G. RODRIGUEZ'S FIRST AMENDED ANSWER** has been forwarded by Hand Delivery to counsel for Plaintiff on this the 19th day of July, 2000.

C.L. Wright III
710 North Mesquite
Corpus Christi, Texas 78401

_____
Christine Emerson Braugh